Tompkins, J.,
after stating the facts in the case. The propriety of rejecting the power of attorney, and the proof of notice thereof by Roe, when he purchased of Ramson, was conceded by the defendant’s counsel, on the argument, and the rejection of the deed from Roe to Davis alone relied upon in support of the motion for a new trial.
The act of 12th of February, 1788, permitted the reading in evidence deeds duly acknowledged, or proved and recorded. By an act of the legislature of this state, passed 12th of February, 1798, it is provided, that no deed, conveyance, or instrument executed before the first day •of May, 1797, relating to any lands in the county of Onondaga, should thereafter be registered or recorded, unless» the same should be acknowledged or proved in the manner directed by the act of 11th of February, 1797. The deed in question related to such lands, was executed antecedent to the 1st of May, 1797, and was not acknowledged pursuant to the statute relative to the acknowledgment of deeds, passed in that year. The deed, of course, could not, by virtue of the acknowledgment, be put oh record; neither does the statute authorising deeds ao *79 knowledged to be read in evidence, without being recorded extend to this deed. If before such statutory provision, conveyances not recorded have been received in evidence, when acknowledged or proved only, such admission of them must have been upon the principle, that what a party has the power of immediately doing, might be'regarded as already performed. That reason, as respects this deed, ceased with the act of 1798, which prohibited its being recorded. As the statute which authorises the reading in evidence conveyances acknowledged, though not recorded, does not extend to deeds acknowledged like the deed in question, it was, in my opinion, properly excluded, and the motion for anew trial ought, therefore, to be refused.
Kent, Ch. J. Thompson, J. and Spencer, J. con€*dired.