The opinion of the Court, the action being continued nisi for advisement, was delivered at an adjournment of the last March term in Suffolk, by
Parker, J.
This is debt on judgment, and the plea m bar specially sets forth a satisfaction, by alleging an execution issued *90 upon the judgment, and a levy thereof upon an undivided portion of certain lands descended to the judgment debtor from his father, lying in Windham and Gray, in the county of Cumberland; into possession of which the plaintiffs were put by the sheriff, who re turned the execution satisfied. To this plea there is a demurrer, with several special causes assigned, most of which apply to supposed defects in the plea, in not alleging certain facts necessary to make the levy valid. But as the execution, and the .doings thereon by the officer, are set forth in hcec verba, and are made a part of the plea, and, as- it sufficiently appears that the defects particularly relied upon in the special causes assigned, do not exist, we are to consider whether any substantial defects exist, by reason of which the land levied upon did not pass to the plaintiffs ; for if that should be the case, then the plea is bad, in not showing a satisfaction of the judgment.
And we are all of opinion that the proceedings under the execu tian are so defective, that the plaintiffs did not thereby acquire any title to the land set off, but that the title still remains in the judgment debtor.
The statute of 1783, c. 57, § 2, requires that the land to be set off shall be described by metes and bounds, and shall be appraised. There is here no description of the land whatever, but only a cer tain undivided portion of the defendant’s inheritance is said to be levied on; and the only way of ascertaining where the land is, is to examine * the inventory of his father’s estate, to which reference is made in the return of the appraisers and of the sheriff, (a)
Whether such inventory contains a true description of the parcels of land belonging to the defendant’s father, does not appear, .as it is not made part of the case. Neither does it appear that the land was ever appraised, or that the appraisers or the sheriff entered upon any of the land, to appraise or to set off the same.
It would seem that the sheriff, understanding that the debtor’s father died seised of certain real estate, and that one fourth part of the same had descended to the debtor, had caused that part to be set off to the creditors, to satisfy the debt, without entering upon *91 any part of the land, or causing the appraisers to enter upon it, that they might make a just estimate of its value. This loose proceeding is not a compliance with the statute, and the title to the estate was not affected by it. The consequence is, that the defendant is the owner of his inheritance, as before, and that the judgment declared on remains in force, unaffected by any thing done under the execution.

jDefendant’s plea in bar adjudged bad.

 [In Boylston vs. Carver, (11 Mass. Rep. 515,) it was held that a reference in the return of the officer to deeds of the same land on record, for a description, in which deeds there was a sufficient description by metes and bounds, was sufficiently certain. And see Cutting vs. Rockwood, (2 Pick. 443,) when returns on several executions of a delivery of seisin “ of 5 acres and 100 rods of land, of an average value, lying in common and undivided with Jonathan Bachelor, in the following form, &c., containing 122 acres, and-an equal proportion of the buildings standing thereon; said farm bounded, &c., at the same, dec.,” were held to be good. See Jackson, ex dem. Carman, vs. Roosevelt, 13 Johns. Rep. Jackson, ex dem. Livingston, vs. Delancey, 13 Johns. Rep 537.—Ed.]