### GEORGE SULLIVAN
*versus*
### DANIEL M'KEAN, ADMINISTRATOR.

To debt on a judgment, a plea in bar that an execution issued thereon, which was extended upon land of the debtor and duly returned, is bad upon demurrer, unless it allege also that the execution was recorded in the registry of deeds before it was returned.

THIS was an action of debt upon a judgment that was recovered against the defendant's intestate.

At September term, 1818, the defendant filed several pleas in bar, that were all afterwards waived except one, which stated in substance, that on the 27th of January, 1815, *Sullivan* sued out an execution on said judgment, and February 22d, 1815, caused it to be extended on land belonging to the intestate : that the appraisers were duly appointed, the land set off in full satisfaction of the claim, possession delivered to the plaintiff, and the execution, with the doings of the appraisers and sheriff endorsed thereon, returned, at the return day, to the court from which it issued.

To this plea the plaintiff put in a general demurrer.

*J. Smith* counsel, and *Sullivan* pro se.

*Mason, contra.*

Woodbury, J. delivered the opinion of the court.

This demurrer cannot be supported except upon our statute of November 5th, 1813(1.) For the plea contains every allegation which was necessary at common law to pass the

(1) *Stat.* 195.

Sullivan
*vs.*
M'Kean, Adm.

title of land under an *elegit ;* and would have been a perfect bar to debt or *scire facias* on the judgment, unless the plaintiff replied, and proved that the land at the time of the extent was not the property of the debtor(2.)

(2) *Bac., Extn.,
D.—9 Mass. R.*
92.

The plea avers not only that the execution was levied, but that it was returned ; as it must have been, in order to perfect a title, which is both acquired and proved by a record alone(3.)

(3) 4 *Mass. R.*
402, *Ladd* vs.
*Blunt.*—14 *do.*
378, *Gooch et al.*
vs. *Atkins.*

The statute before mentioned, however, introduces some new provisions as to titles obtained by extents upon real estate : and after declaring that executions so levied shall be returned, it adds, also, that they "shall be recorded at length, with the return, in the registry or records of deeds," and that " no levy of execution on any lands, &c. shall be good " and effectual in law to *hold or pass* such debtor's right or " interest in such lands, &c. against *any* person or persons, " unless the execution, with the return thereof, be recorded "in the manner aforesaid, *before* such execution is returned "to the office from which it issued."

The language of this statute is most explicit ; and as the mode of acquiring title to land depends altogether upon legislative provisions, it is our duty to enforce them, whatever may be their number, or whatever may be our opinion as to their expediency.

The plea does not allege that " the execution with the return thereof " was " recorded in the registry of deeds " " before such execution was returned to the office from whence it issued."

This omission is, therefore, fatal, unless the title could pass to the judgment creditor without such a registry of the execution and return.   That it could so pass has been inferred from the circumstance, that the title passes as between the parties to a deed, though the deed be unrecorded.   But this results from an express exception in our " act, declaring the mode of conveyance by deed"(4 ;) while the statute under consideration is explicit, that " no levy " " shall be " " effectual in law to hold or pass " the " debtor's right " " against

(4) *Statute* 200.

Sullivan
*vs.*
M'Kean, Adm.

any person or persons, unless" " recorded in the manner aforesaid."

But should an unrecorded deed, if no exception existed in our statute, be considered sufficient to pass the title as against the parties and all others notified of its existence, it could not be offered in evidence till recorded; and, as a general principle, a plea of it would be ill without an allegation that it was then recorded(5.)

For that which a statute requires, should be both performed and plead; and though to prevent fraud the deed last recorded will sometimes prevail, if first delivered, yet this is not because courts can dispense with the registry, but because no particular time for it is prescribed; and, therefore, when the deed is recorded it operates back by relation to the time of its delivery.

The present plea, however, does not state that a registry of the levy has ever been made; and if it allege the truth in stating that the execution has been " returned to the court from which it issued," no registry now made could be of any avail, because by the statute it must be made " before" the execution is returned.

Whether both the registry and return may not be valid, if made after the return day in the order prescribed by the statute, is a different question, and which it is not necessary now to settle.

In this case, then, as the plea does not contain what the statute requires to pass the title, the land does not appear to belong to the plaintiff, and his debt remains unsatisfied. On this ground, too, the original debtor suffers no loss; and his representatives may, if other persons have taken the income of the land, recover it by a proper remedy. 10 *Mass. R.* 433, *Cummings & ux.* vs. *Noyes.*

*The plea in bar is adjudged insufficient.*

(5) 2 *John.* 79, *Jackson* vs. *Shephard.*