## CALVIN GREEN *vs.* ABRAHAM BAILEY.

Where an execution has been extended upon land, not the property of the debtor, the creditor cannot maintain an action of debt upon his judgment, but must bring a *scire facias*.

DEBT, upon a judgment rendered by the court of common pleas, in this county, at September term, 1808.

The defendant pleaded in bar, that an execution, duly issued upon the said judgment, was extended upon the land of the said defendant, and thereby satisfied.

To this plea, the plaintiff replied, that at the time of the said extent, the defendant had no title nor interest in the land, upon which the said execution was extended.

To this replication there was a general demurrer.

*Farley*, for the plaintiff.

*Lawrence*, for the defendant.

RICHARDSON, C. J. At common law, after a full and perfect execution had by extent returned and of record, there could be no re-extent upon any eviction ; but if an extent were insufficient in law, in that case there might, at common law, be a re-extent. *Coke Litt.* 290, a.—2 *Croke* 338, *Crawley vs. Lydgeat*—*Tidd's Prac.* 950.

It has always been held, in this state, that, if an extent be insufficient upon the face of it to pass the land, the judgment

remains unsatisfied ; and that an action of debt will lie to enforce the payment of it. This point was decided in this county, December term, 1815, in the case of *Chase vs. Chase*; & see 1 *N. H. Rep.* 371, *Sullivan vs. M'Kean.*—4 *Mass. Rep.* 402, *Ladd vs. Blunt.*—9 ditto 92, *Tate vs. Anderson.*

In the present case, it does not appear that there is any defect in the extent. But it is admitted by the pleadings, that the debtor had no interest in the land at the time the extent was made ; and the question is, whether, in such a case, debt lies upon the judgment ?

The statute of 32 *Henry* VIII., *Chap.* 5, provided a *scire facias* for a case of this kind. 2 *Tidd's Prac.* 941, 951.—*Coke Litt.* 289, *b.* And our statute provides the same remedy. 1 *N. H. Laws* 183. A like remedy is provided by the statute of Massachusetts. *Statute of* 1785, *Chap.* 6. It is a rule of law, that when a statute has created a new right, and has also prescribed a remedy for the enjoyment of the right, he, who claims the right, must pursue the statute remedy. 5 *Mass. Rep.* 514, *Smith vs. Drew.*—7 ditto 202, *Bigelow vs. C. & C. T. Corporation.*—3 ditto 307, *Gedney vs. Tewksbury.*—5 *John. Rep.* 175, *Almy vs. Harris.*

It would seem then, that, when a party has extended his execution upon land, not the debtor's, his remedy is a *scire facias*, and not an action of debt. It has, however, been decided otherwise in Massachusetts. 14 *Mass. Rep.* 378, *Gooch vs. Atkins.*—12 ditto 195, *Green vs. Hatch.* And as the provisions of the statute there are substantially the same as those of our statute, these decisions may be considered as directly in point. But unfortunately the grounds of these decisions do not appear in the reported cases, and the principles, upon which they are to be supported, seem to us not to be very obvious.

In addition to the reason above stated, why debt cannot be maintained, that the remedy given by the statute, creating the right must be pursued, there are one or two other reasons, which seem to us to have some weight. The writ of *scire facias* is limited by the statute of December 22, 1808, to be brought within twenty years ; and it is further provided

by statute, that if it shall appear that the creditor has no just cause for an application for a *scire facias*, the debtor shall be entitled to double costs. Now if debt can be maintained, the debtor will be deprived of the advantages which these provisions were intended to give him. And we are of opinion that there must be

*Judgment for the defendant.*