Shaw C. J.
delivered the opinion of the Court. The tenant’s attachment having been prior in point of time, and followed up by a judgment and levy of execution, agreed to be correct, it is obvious from the facts, and is conceded in the argument, that if the attachment on mesne process was valid and effectual to bind the land, the demandant has no title.
The officer returned upon the tenant’s writ, that “he had attached all the right, title and interest of Ruggles, the debtor, to his homestead on which he now dwells, together with all the land thereto belonging, lying in Enfield in said county; also, all the right and interest which said Ruggles has to any lands lying in Enfield aforesaid. ”
*352 It is urged in behalf of the demandant, that this return did not constitute an attachment, because, as it is contended from the facts agreed, the lot in question was no part of the homestead or of the lands belonging thereto, and so was not within the description of the lands mentioned in the first branch of the return ; and although consisting of lands lying within the town of Enfield, still that the last clause in the return is too loose and indefinite to constitute an attachment.
Upon the first point, whether, under the circumstances, the lot in question could be deemed a part of the homestead, we give no opinion. The case of Bacon v. Leonard, 4 Pick. 277, was relied on, as in point, for the support of the affirmative ; but upon careful comparison there seems little analogy between the two cases. That was an attachment of the homestead farm, and the material question considered was, whether, it being described as containing 30 acres, when in fact it contained 150, such misdescription avoided the attachment, and it was held that it did not. But “ homestead farm” may have a broader signification than homestead. Perhaps it would be putting too narrow a construction upon the term, to say with the demandant, that it must be the dwellinghouse or land actually contiguous to it, or to the land on which it stands. It may be detached and yet be so intimately connected with the dwelltnghouse as in effect to constitute part of it. The word is not one which has acquired a definite signification in the law ; and if used in England in this sense, it is probably used much less frequently, than in this country. And here it may be probably understood somewhat differently in different places, and it may, therefore, be necessary hereafter to consider it more fully.
But upon the other ground, the Court are all of opinion, that the attachment was valid and effectual.
Whatever may have been the doubts formerly entertained, since the decision of the case of Perrin v. Leverett, 13 Mass. R, 128, and upon the conclusive reasons there given for the decision, we consider it settled, that in order to make a valid attachment, the officer is under no necessity to enter upon the land, or see it, or go into its vicinity; nor is it necessary to da *353 any act, other than return, that he has attached the land.[1] There seems, therefore, to be no reason, why any description, however general and comprehensive its terms, which clearly embraces the land, and which would be sufficient to pass the land by a deed, should not bind it by attachment.
The analogy between the attachment on mesne process of real and personal property, though designated by the same term, is very slight. The early history of attachments of personal property in this commonwealth, as a security for a debt to be recovered, and the original connexion, or perhaps identity of this process with the writ of distringas at common law, and the rules applicable to the latter process, can go very little way in aiding us to a right construction of the rules affecting an attachment of real estate. We must, therefore, be governed in the construction of these rules, by usage and statute, the nature of the process and the reasons upon which it is allowed.
The object of this process, as it is now regulated by usage and by statute, is to give to the creditor, upon the commencement of his suit, a lien upon the real estate of his debtor. It is a branch of that system of policy, which charges the real estate of a debtor with the payment of his debts both during his life and at his decease. By the attachment, no estate passes, no interest vests in the creditor, neither the interest nor the' possession of the debtor is divested, nor does the officer or creditor acquire any right to take the issues or profits. It constitutes a real lien which can be made available to the creditor, only upon a compliance with various conditions, namely, that he shall recover a judgment in that suit, that he shall obtain no other satisfaction than by levying on the real estate, and that he shall make such levy within a limited time, and conform to the rules of law.
In almost all these respects, this process is distinguishable from an attachment of personal property, or distringas. In ihe latter, the officer must take the goods into his own custody, otherwise the security would not be effectual ; he must keep possession because he is to stand responsible to the creditor *354 if he recovers judgment, otherwise to the debtor ; ho has a special property, because this is necessary to enable him to • defend his possession and perform the duties which the law imposes on him.
. Most of these distinctions are founded on the locality, and consequently fixed and immutable character of real estate. The acts of seisin and possession, therefore, necessary to give effect to an attachment of personal property, are wholly unnecessary in regard to real estate, and ad impossibilia seu vana lex non cogit. Hence it has been held, that when the legal character of the property is personal, but its physical character fixed, as of a building erected by one, with the consent of the owner of the soil, upon the land of another, continued possession was not necessary to give effect to the attachment. Ashmun v. Williams, 8 Pick. 402. There is a manifest distinction in principle between a process, which divests the title of the debtor and transfers the property against his will, and one which merely creates a lien. In the former, therefore, the estate is to be set off by metes and bounds, or otherwise with as much precision as the nature of the property will admit. Tate v. Anderson, 9 Mass. R. 92 ; Howard v. Daniels, 2 N. Hamp. R. 137 ; Crosby v. Allyn, 5 Greenl. 453 ; Fenny v. Durant, 1 Barn. & Ald. 40. It seems, therefore, upon principle, that any words which shall clearly designate and comprehend the property attached, is sufficient. This rule is . adopted in relation to a grant of one’s own property, where the grantor has the general power of disposing, though it might be otherwise in respect to the deed of an officer, or other person acting in the execution of a special authority. Jackson v. De Lancey, 11 Johns. R. 373. That such a general description is sufficient in an attachment, has been decided in Maine and New Hampshire. Crosby v. Allyn, 5 Greenl. 453 ; Howard v. Daniels, 2 N. Hamp. R. 137.
The argument from inconvenience is strongly pressed upon the consideration of the Court; and it is said, not indeed to be against the letter of the law, for there is no express rule on the subject, but against the policy of the law, that a large amount of property should be incumbered by an attachment, perhaps for a small debt. But it is not perceived how this evil, if il *355 De one, is to be guarded against, by requiring a more precise description, or specific designation of the property attached, unless indeed by making the act of attachment more burden some, and the return more voluminous. Had the tenant caused an attachment of his debtor’s interest in twenty or a hundred different parcels of estate to be made, it is not' contended that the attachment would not have been effectual, had they been specifically returned. The creditor could not know previously, whether his debtor had any interest, or if he had, that it was not incumbered by prior attachments. The security of debtors, and of other attaching creditors, is to be found in this, that whatever may be the extent of the attachment, the estate can be ultimately charged to the amount only of the creditor’s real debt. Requiring a more specific return, therefore, would not guard against the evil, if it be one.
As it seems clear, that an attachment is not required, like a levy, to be made -by metes and bounds, that the general description used in this return would be sufficient to pass the land in a grant by the owner ; as this affords a plain, intelligible, practical rule, drawn from an analogous case, we think it would be going too far to say, that an attachment in general words, clearly comprehending the premises, was wholly inoperative and void; we are therefore of opinion, that the tenant had the elder attachment and the better title, and that the demandant must be nonsuit.[1]

 Rev. Stat. c. 90, § 31.

 See Reed v. Howard, 2 Metc. 36; Leadbetter v. Blethren, 6 Shepl. 327; Whitaker v. Sumner, 9 Pick. 308. But when articles of personal property are attached on mesne process, the officer’s return should describe them with exactness, in order to show their identity. Baxter v. Rice, 21 Pick. 197.