## HAMLIN RAND *versus* JAMES HADLOCK.

Nothing will pass by an extent of an execution upon land, unless the execution, with the doings of the officer, is returned to the court from which the execution issued, so that the extent may become a matter of record there.

And a copy of the execution and return from the office of the register of deeds, is inadmissible in evidence to show an extent until it has been shown that the execution had been returned to the clerk's office and lost.

TRESPASS, *quare clausum fregit*. The close described in the declaration was in Bath. The cause was tried at the sittings of the court of Common Pleas, in September, 1833, and a verdict taken for the plaintiff, subject to the opinion of this court on the following case.

One Samuel Hadlock being seized of the *locus in quo*, on the 18th August, 1817, by deed, conveyed the same to Thomas Hall. The plaintiff offered in evidence a judgment in his own favor, against the said Hall, rendered by the court of Common Pleas in this county, on the second Tuesday of September, 1819, for $306,82 debt, and $9,86 costs. He also offered in evidence a copy of an execution issued on the same judgment, and tested 20th September, 1819, and returnable on the last Tuesday of February, 1820, and a copy of an extent of the execution upon the *locus in quo*. The copies of the execution and extent were attested by the register of deeds, in this county, and it appeared by these that the execution and extent were received at the register's office on the day next after the return day of the execution. It did not appear that the execution and extent had ever been returned to the clerk's office.

On the part of the defendant it was objected, that nothing passed by the extent, because the execution was never returned to the clerk's office. It was also objected, that the copies from the register's office were not ev-

idence ; copies from the office of the clerk of the court being the proper evidence.

Rand<br>v.<br>Hadlock.

These objections were overruled by the court.

It appeared that the defendant had broken and entered the close as alleged in the declaration.

*J. Smith*, for the plaintiff.

*Bell*, for the defendant.

GREEN, J. delivered the opinion of the court.

We are of opinion that there must be a new trial in this case.

When a creditor extends his execution upon the lands of his debtor, his execution with the doings of the sheriff must be returned to the court, from which the execution issued, that the extent may become a matter of record. The express letter of the statute requires this ; and it is very clear that without a return of the execution nothing can pass by the extent. 3 Mass. Rep. 315 ; 4 ditto, 402 ; 3 Pickering, 331, *Prescott* v. *Pettee* ; 5 Greenleaf, 197 ; 1 N. H. Rep. 372.

In general, a copy of the execution, with a copy of the doings of the officer from the clerk of the court to which the execution was returnable, is the only evidence admissible to prove an extent.

In cases where the execution and return may have been lost after they were returned to the clerk, a copy from the office of the register of deeds may be admissible, but not in other cases.

In this case, the evidence was not sufficient to show an extent upon the land, because it was not proved that the execution, with the doings of the officer, were returned to the clerk's office. And the copies from the office of the register of deeds were inadmissible because it had not been shown, that the execution with the doings of the officer had been returned to the clerk's office and lost.

<em>A new trial granted.</em>