## Burnham *vs.* Coffin and a.

Where a levy of an execution upon real estate appears to be void, by reason of an error in the proceedings, the creditor may have an action of debt to obtain a new execution, without showing that he has been ousted; and this, whether the defect in the proceedings which rendered it void be apparent upon the face of the levy or not.

Debt upon a judgment of this court, rendered January term, 1830.

Upon the trial, in the common pleas, the plaintiff offered in evidence the judgment described in his declaration. The defendants then showed that execution issued on said judgment on the 16th of January, 1830, and on the 17th of February following was extended upon five several tracts

of land, in Chester, as the estate of the debtors. It appeared by the return of the extent, that the five tracts of land were appraised together, at a gross sum, by direction of the creditor's agent, in order that no one parcel might be redeemed without redeeming the rest, and that said several tracts were in fact owned by the debtors severally, and not jointly.

It further appeared, that the plaintiff having brought a writ of entry to recover one of said tracts of land, had failed in the suit on account of defects in the extent ; but no evidence was offered on either side to show who had been in possession of the other four tracts since the said extent.

The court directed a verdict for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Bartlett*, and *Bell*, for the defendants, cited 2 *N. H. Rep.* 85, *Whiting* vs. *Bradley ;* 2 *Tidd's Pr.* 950 ; 4 *Kent's Com.* 434 ; 2 *Bac. Abr.* 341 ; 3 *N. H. R.* 33, *Green* vs. *Bailey ;* 6 *Taunt.* 202, *Rogers* vs. *Pitcher ;* 15 *Mass. R.* 137, *McLellan* vs. *Whitney ;* 6 *Pick.* 172, *Poignard* vs. *Smith.*

*Porter*, and *H. F. French*, for the plaintiff.

Parker, J.   It has been decided that the levy, made upon the execution formerly issued upon the judgment which is the foundation of this suit, was void ; and one of the parcels of the land taken by it has been held against the plaintiff. 6 *N. H. Rep.* 306, *Burnham* vs. *Aiken.* It does not appear that the plaintiff went into the possession of the other parcels, or who was in possession at the time of the commencement of this action ; and it is objected that the plaintiff cannot recover in this case, because his levy put him in possession of the land, and that for aught which appears he is still in the undisturbed possession of four of the five tracts embraced in the levy.   But we think this objection cannot

avail. The levy having been held to be void, the plaintiff took nothing by his extent. If he is now in possession, he is in as a trespasser or disseizor, and may at any time be ousted and held to account for the mesne profits.

It is further argued, that at common law, after an extent upon lands, there could be no reëxtent in any case, unless the extent was insufficient upon its face—that until the statute of the 32 *Hen.* 8, if an extent was made upon lands which did not belong to the debtor, and the creditor was evicted, he could not have any remedy—that as the lands levied upon in this case were actually the property of the debtor, the case is not within the statute of 32 *H.* 8, or within our statute providing that when any execution shall be extended or levied upon any real or personal estate, and it shall afterwards appear that such estate or some part thereof did not at the time of such extent or levy belong to the debtor, the creditor may maintain an action of debt upon the judgment—and it is denied that this levy was void and insufficient upon its face, and thereupon farther contended that no action will lie in favor of the plaintiff to obtain a new execution.

In *Burnham* vs. *Aiken*, this levy was held void for a reason not apparent upon the face of it. Another objection which was apparent, although somewhat considered, was not there decided. It may be well, in the first place, to consider whether the distinction between an action founded upon a judgment where the levy is insufficient on its face, and one where the defect is not apparent, is well maintained; for if it is not there is an end of this defence, and any farther consideration of the defects in the levy is wholly immaterial.

It is by no means clear that by the common law the creditor, who had extended lands which did not belong to his debtor, might not have a new extent, before the statute of 32 *Hen.* 8. In *Clerk* vs. *Andrews*, *Cro. Jac.* 693, where Joseph Mayn and John Mayn were obliged jointly and severally in a statute staple, and there was an extent upon the

lands of Joseph, and upon Radnage farm as belonging to John, whereas in truth there was never any such farm called Radnage farm; and the creditor was evicted of the lands into which he entered as belonging to John, by his grantee; the question was whether he should have a new extent as at common law against John, or a reëxtent upon the statute of the 32 *Hen.* 8. The attorney general argued that the creditor "should have a new extent against John Mayn at 'the common law; for the lands being extended as the lands 'of John Mayn, and he not having any such lands, it is 'merely void and as no extent at all: for it is merely void 'at the common law, and he shall have a new extent. But 'if he had extended land whereof the conusor was disseizor 'or had by defeasible title, as feoffee upon condition or other- 'wise, which had been afterwards evicted; then forasmuch 'as the extent was once good, and he hath received it and 'part of the profits thereof towards payment of his debt, he 'could not have any remedy by the common law, but was 'to have a reëxtent by the statute." "And in proof thereof 'he relied upon the Year Book 30, E. 1, Vouch. 297, where 'land in value being delivered which was not the plaintiff's 'land, he had a new extent."—On the other side it was argued that as he had "the lands of one well delivered in 'extent, which he shall hold until he be satisfied, although 'the lands of the other be evicted, or that there never were 'any such lands delivered in extent, yet he shall never have 'a new extent against the other; for having taken satisfac- 'tion of the one (which the law intends when he takes his 'land by the *liberate*,) he shall never resort to have the land 'of the other."—The court were not agreed, Winch and Hutton being of opinion that as the case was, the creditor could not have a new extent or a reëxtent; and if he could have it, yet it could not be generally, but upon a *scire facias*. But Bromley and Doddridge doubted, because no lands of John were upon the matter extended, but it is merely void against him; but they agreed that if any part of John's land had been well extended it had been otherwise.

If it be supposed that there might be a semblance of reason in holding that there could be no new extent where lands of one are delivered to hold until the debt is paid, and the title fails as to part—or where lands of two are delivered, and the title fails as to the lands of one of them—because the creditor may in such case hold the residue until the debt is paid ; it is evident that what little reason there may be in such case has no application whatever in a case where the lands are delivered at a certain value in satisfaction of the debt.

In *Linacre* vs. *Rhodes*, cited 5 *Co.* 87, it was held, that "notwithstanding the conusor in a statute staple be taken 'and escapes, yet his goods and lands on the same statute 'may be extended, for the escape and the action which the 'plaintiff has against the sheriff, for the escape is no satis-'faction of the debt."—And in *Jones* vs. *Williams*, cited in the same case, it was adjudged, "that where two men were 'condemned in debt, and one was taken and died in execu-'tion, yet the taking of the other was lawful." "And then," says Coke, "it was resolved by the whole court, that if the defendant in debt dies in execution the plaintiff may have a new execution by *elegit*, or a *fieri facias*, for divers reasons." The fourth reason is, "It would be mischievous to 'the plaintiff to lose his debt without any default in him, 'and no mischief if a new execution should be done, for 'nothing would be liable to his new execution but the lands 'and goods of the defendant, which in law and in all equity 'ought to be subject to the payment of his debt. And it is 'not like where the plaintiff has execution of the lands of 'the defendant and afterwards the lands are evicted, there 'before the stat. of 32 H. 8, he should not have any new 'execution, for the execution of the lands was valuable, and 'accounted in law for a satisfaction ; and for avoiding of 'infiniteness there should be but one valuable execution, or 'execution with satisfaction at the common law ; but exe-'cution of the body is no valuable execution, and therefore

'the plaintiff after his death shall have a new execution till 'he has had a valuable execution, which is the end and fruit 'of his suit."

If by this it be intended that execution of lands in which the creditor took and could hold nothing was accounted valuable, while execution of the body of the debtor who escaped or died was not valuable, the distinction is much more fanciful than sound. In neither case would any thing valuable to the creditor have been received. Nor would it be necessary "for avoiding of infiniteness" to refuse the plaintiff a new execution where his extent had wholly failed, unless it would require an infinite number of executions to obtain an actual satisfaction. The two cases are substantially alike. In both an attempt to obtain satisfaction has been made. In both it has not succeeded. In the one case the return would show the body taken to compel the payment, which is said to be a technical satisfaction; in the other, land seized to satisfy the debt; but in neither any satisfaction in fact received: and there is equal reason for holding that the creditor might show the loss of the land in the one case, in order to obtain a new execution, as that he should in the other be permitted to show the loss of the body. Fanciful technicalities, which make distinctions without differences, are unworthy of the common law; and the reasons thus stated in the 5th *Coke*, why the plaintiff should not have a new execution after an eviction of the lands taken on the first, seem to partake very much of that character.

In *Coke Litt.* 298 *a*, Coke says, "*Nota* it appeareth by 'the preamble of the said act of 32 H. 8 and by divers books, 'that after a full and perfect execution had by extent returned 'and of record, there shall never be any reëxtent upon any 'eviction; but if the extent be insufficient in law, there may 'go out a new extent."—There is nothing here confining the new extent to cases of insufficiency apparent upon the face of it; and how can that be a full and perfect execution by an extent which is void and passes nothing?

In *Tate* vs. *Anderson,* 9 *Mass. R.* 92, which was debt on a judgment, the defects were apparent on the face of the return, but no notice is taken of this, nor any distinction attempted on this account. The court say that the debtor's title was not affected by the levy. The consequence is that the defendant is the owner of his inheritance as before, and that the judgment declared on remains in force, unaffected by any thing done under the execution.

In *Green* vs. *Bailey,* 3 *N. H. Rep.* 33, it is said, " it has ' always been held in this state, that if an extent be insuffi- ' cient upon the face of it to pass the land, the judgment ' remains unsatisfied, and that an action of debt will lie to ' enforce the payment of it." It is not said that the result would not be the same if the extent was insufficient from matter not apparent upon its face, and we do not discover any sound reason for making a distinction. The operation, as it respects both creditor and debtor, is the same in both cases. The debtor may hold his lands; the creditor can take nothing ; and it will be difficult to show why the debt should be discharged in the one case, and not the other, upon any principles. If the debtor may show matter in avoidance of the levy, and prove that nothing passed by it, for the purpose of defeating any title under it, the creditor may show similar matter in order to obtain a new execution upon his judgment. There is no reason why it should bind the one and not the other. If the debtor is not estopped, neither is the creditor. If the one may have his property, the other may have his judgment revived. There is no mischief in this doctrine. The creditor by obtaining a new execution admits his levy to be unavailable, and in fact avoids it himself, so that the debtor need only show this fact to recover possession of his land.

Should we hold, with the defendant in this case, that there is no new execution to be had when the levy is not void upon its face, we ought also to hold that it could never be avoided by the debtor for any such defect.

The statute of 1791, providing a remedy by *scire facias* to obtain a new execution, where the lands extended did not belong to the debtor, and the more recent statutes giving the creditor an action of debt in such case, (*N. H. Laws* 103,) show that it must have been understood that there was a sufficient remedy where the levy failed through any defect ; for it is incredible that the legislature should have intended to give the creditor a new execution where he had levied upon the lands of a third person, and to leave him without remedy where he had discharged his execution by a levy on lands which in fact belonged to his debtor, but to which he had acquired no title by reason of a defect in the proceedings, whether latent or apparent.

We are satisfied, therefore, that a creditor is entitled to an action of debt to obtain a new execution, as well where the extent upon the first is void by reason of matter not apparent upon its face, as where the objection appears by the return itself.

*Judgment for the plaintiff.*