Mr. Chief Justice ShaRKey
delivered the opinion of the court.
This case was before the court on a former occasion, and is reported in 4 S. & M. 602, and it presents again the same question that was then decided. It was then raised by Minor, the plaintiff below, and decided in his favor. When the case was remanded, the circuit court conformed to our decision, and the defendant below excepted, and now brings up the case.
The action is ejectment. The lessor of the plaintiff derives title under a sale of the premises made by the marshal, under an execution against the city of Natchez, from the United States *256 court. The sale, it is said, was void, and passed no title, and on this ground a recovery is resisted. The defect consists in this; the law of the state requires that the sheriffs in selling land under execution shall give thirty days’ notice thereof, “by posting up such notice in at least five public places in the county, one of which shall be at the court house door.” Acts of 1841, 116. Proof was offered to show that the marshal had given notice by advertisement in a newspaper; and the court instructed the jury, that notwithstanding the neglect of the marshal in this particular, the sale was valid if the purchaser had no knowledge of such defective notice, and paid a fair price for the land.
When the case was first brought up, the judgment was reversed, because the circuit court had decided the notice to be insufficient. The case was argued at great length, and maturely considered by the court, with all the lights from authorities that are now before us. We were not so fortunate, however, as to give satisfaction to the parties concerned by the decision, and it has been re-discussed in an argument which displays more ability than respect for the previous decision of the court. It is possible the decision may be erroneous, but it would be well for counsel, in finding fault with decisions, to be sure that they see the question through unbiased mediums, and that the error is apparent to all.
It is one of those questions which must be decided by the analogies of the law, as the direct authorities are somewhat conflicting, and in such cases it is often difficult to draw a conclusion on which the mind can rest with entire confidence in its correctness. This is evident, since we find courts of high respectability that differ on it. I am free to confess that the able argument has tended to shake my confidence in the former opinion, but here a dilemma is presented; is it clearly shown that the other decision is wrong ? and if not, will it do to change it on mere doubts ? No one would more readily confess an error, or change an opinion. It is a weakness to adhere to error, from which I trust this court is exempt. But the argument, able as it is, has not satisfied my mind that the decision should be *257 changed. In doing so, to say the least, I should still entertain doubts, and very serious ones, as to the correctness of a different decision.
The position mainly relied on is, that the sheriff sells land by a naked statute power, which must be strictly pursued in every particular, or no title will pass. On the former occasion, it was fully conceded, that if this position was a correct one, the conclusion might be also correct; but I repeat, that the truth of the proposition is not admitted. We are not distinctly informed what is meant by a naked statutory power. It would seem to mean, a power derived exclusively and directly from a statute, without any other agency, or the action of any tribunal; such for instance as the power of a tax collector to sell for nonpayment of taxes. In that sense, is this power of sale a naked statute power 1 Does the sheriff look to the statute, and the statute only I And what does Chancellor Kent mean when he speaks of title to real estate by execution! -Why did he not class it as a title by statute 1 The sheriff does not derive his power to sell land from this or any other statute, but from the execution. By the first section of the act in relation to executions, (H. &H. Dig.) 627, every person who has recovered a judgment against another, is authorized to sue out a fieri facias against the goods and chattels, lands and tenements of the debtor, and from this clause of the statute originates the power to sell land for debt; and if the statute now under consideration were swept from the statute book, the sheriff would still have power to sell land by virtue of an execution. The execution issues, it is true, by virtue of the statute, but it is a power given to the plaintiff, and when he issues it, it is a command to the sheriff to finish the judgment of the court.
If the sheriff sells land by a naked statute power, we might ask to be referred to the statute. There is none which directly confers this power as a substantive power, but it exists only in the authority conferred on the plaintiff so to issue his execution. Suppose the plaintiff should choose to sue out his execution against the goods only, would the sheriff'be authorized in such a caseto sell land ? I apprehend not. He cannot go beyond the com» *258 mand in. the execution. It is said in argument, that “ when the court errs in its jurisdiction or authority to render a judgment, or through its clerk, to issue a writ, such judgment or execution is void; and a sheriff derives no authority under them, but his sale and all other acts are void.” “But where the court has authority to render the judgment, or issue the process, and merely errs in its judgment; or the clerk mistakes some formal direction in issuing the process, not affecting the authority of the court to issue it, there the judgment and execution are only voidable, and until reversed for error, are valid, and convey a good authority to the sheriff., whose acts under it are as valid as if they were not voidable for error.” Here is a full concession in a very correct argument, that the sheriff derives his authority from the judgment and execution, and I cannot see how that can be called a naked statute power, which must be preceded by a judgment which the court has authority to render, and an execution which it has authority to issue, and rvhich must come to the hands of the sheriff before he can sell. It is important to be observed that the judgment is a lien on land as well as goods. By it the plaintiff acquires an interest. The execution is the authority to enforce that lien • — ■ it is a command to the sheriff to execute the judgment. The law declares how the authority shall be exercised, or how it shall not. It is directory or it is prohibitory. If the sheriff do a thing which he is prohibited from doing, his acts are void; he has done that which the law does not allow to be done. But if he do that which the law allows to be done, but deviates in the manner of doing it, he is responsible, but his act is not void, as to bona fide purchasers at his sales.
It is conceded, that as regards personal property, an irregularity in giving notice would not vitiate the sale, because it is said he sells that under the common law, by virtue of his possession as owner. To my mind this is virtually giving up the question, as lean draw no solid distinction between the sheriff’s right to sell land or goods. If there were no statute, he could sell goods by the common law, and could not sell land. But the same statutes authorize and regulate the sale of both. Both *259 laws cannot be in force. The statute repeals the common law when it directs the mode of sale. It will not do to say the statute may be disregarded and the common law followed, and I am unable to see any good reason why the law should be less rigid in divesting the title to personal property than to land. We have no feudal policy which prohibits the sale of land, and although the ownership of land may in some instances be more favored, yet when .the same law has directed the same mode for divesting the title to each, the ceremony can no more be dispensed with in the one case than in the other. It is said, the sheriff must sell personal property as owner, because he may sell after he goes out of office. The true reason is overlooked in the effort to draw a distinction. If this were so, it would be immaterial whether the sheriff had acquired possession under a void or a valid judgment. But the true reason is, that an execution is an entire -thing, and when the sheriff has a right to seize goods, he may complete the execution. And in Wheaton v. Sexton, 4 Wheat. 503, it was decided that he had a similar power over land. And in that case the court said, “ the purchaser depends on the judgment, the levy, and the deed. All other questions are between the parties to the judgment and the marshal.” The law of this state treats real and personal property alike as to their liability for debts, and the admission that a sale of personal property would not be invalidated by any irregularity in the notice, weakens very much the argument of counsel for plaintiffs.
The authorities cited are very much the same that were referred to on the former argument, and have been re-examined with great care. The Massachusetts decisions were made under a statute which differs very much from the statute here. It points out specifically what facts the officer shall'certify in his return, and when the return is so made it must be recorded, and constitutes part of the record evidence 'of title. In Wellington v. Gale, 13 Mass. Rep. 483, it was decided, that a defect in the return was fatal to the title. • The case was this — an equity of redemption had been sold under execution. The demandant produced the judgment and the execution, the offi *260 cer’s return and the deed. It did not appear by the return, in what manner notice was given, nor that the judgment debtor had been notified, and for this it was objected to; the court said it was undoubtedly defective, nor could it be cured by proof of the necessary facts, because everything essential to a title under the statute ought to appear of recoVd, and no parol evidence could be admitted in lieu of the return of the officer. The point decided was on the sufficiency of the return, which did not comply with the statute, and as it constituted a record link in the chain of title, it could not be supplied by parol testimony. The notice was probably given, but that was not allowed to be shown. How different is the objection in this case; it is not on the return ; not on a defect to the paper title; that is complete: but it is because the lessor of the plaintiff does not bolster up his complete record title by parol testimony, which is the very thing the court in Massachusetts would not permit to be done. The validity of a sale would scarcely be doubted here in consequence of a mere informality, or a defect in the officer’s return, because there is no statute which directs how it shall be made. Thus, in Wheaton v. Sexton, the supreme court said, “ whether the marshal sells before or after the return day; whether he makes a correct return, or any return at all to the writ, is immaterial to the purchaser, provided the writ was duly issued, and the levy made before the return.”
In Davis v. Maynard, 9 Mass. R. 242, the objection was also to the return, because it did not conform to the statute, and for that reason it was held bad, and the court further decided that it could not be aided by parol proof of the facts that it should have contained.
The case of Eddy v. Knap, 2 Mass. Rep. 154, was this. It appeared by the return, that the sheriff had appointed two appraisers, but he did not certify that the defendant had failed to choose one. The law required the land to be appraised by three appraisers, one to be chosen by the judgment creditor, one by the debtor, and one by the officer, and if the debtor failed to appoint, the officer had the power to appoint two, and it was because the return did not show that the debtor had been re *261 quested to appoint, and had failed to do so, that it was held to be defective. For anything that appears, the debtor had been requested to appoint, and had failed to do so, but that was not the question; and it is manifest that all these cases were decided, not on the improper conduct of the officer in selling, but on the sufficiency of the facts certified in the return ; no question was made as to a failure to comply with the law in selling.
The case of Williams v. Amory, 14 Mass. R. 20, was also one which depended on the sufficiency of the return alone ; not on the doings of the sheriff in making the sale. The law required that the appraisement should be made by three discreet, disinterested freeholders of the county, and the sheriff failed to certify that they were discreet, disinterested freeholders, as the law required he should do, and his return was held to be defective. The court said, “ that everything made necessary by the statute to pass the property, either in land or chattels, must appear by the return of the officer to have been done.” The court seems to have placed land and chattels on the same ground.
The case of Howe v. Starkweather has been cited. It decides that a mere irregularity of the officer will not vitiate the sale of chattels, and the following language of the court is pertinent to the point under consideration. “Purchases (said the court) would not be made, and the interest of both debtor and creditor would suffer, if sales made by one having lawful authority, and appearing to have exercised it lawfully, should be avoided on account of some irregularity which could not be known at the time.”
This same degree of strictness was held by Judge Story to be necessary in the case of the United States v. Slade, 2 Mason, 71, because, said he, “ the general rule is, that where a party takes by a statute extent, or title on record, everything essential to that title must be apparent upon the record.”
As these cases were all decided on the sufficiency of the return, which constitutes part of the record title, they are certainly not direct authorities to prove that a sale will be inyalid if the sheriff fail in doing that which he is not bound to certify *262 to in his return, and which depends on parol proof. An argument may be drawn from them, it is true, that if the officer is required to return all his doings with so great a strictness, he must first do the things in order to enable him to return the fact. But this answer is suggested. Suppose that the officer had failed in any of the particulars required by the Massachusetts statute, and had notwithstanding certified falsely that he had done all that was required, would the courts there, in trying title, have listened to parol proof to show the falsity of the return which had been placed on the record ? This would be to try a collateral issue. It is more than probable they would have left the party to his remedy against the officer.
A similar statute exists in New Hampshire, and the decisions are very much in accordance with those in Massachusetts. In Rand v. Hadlock, 6 N. H. Rep. 514, it was decided, that when a creditor extends his execution upon the land of his debtor, the execution with the doings of the sheriff, must be returned to the court from which it issued, that the extent may become a matter of record. It seems there too to constitute a part of the record title.
The officer is required to pursue a like course by the statute of Connecticut. The case of Metcalf v. Gillet, 5 Conn. R. 400, was an action of ejectment, in which the plaintiff claimed title by virtue of the levy of an execution. The law required that appraisers should value the land, and certify the value to the officer in writing signed by them, and that the officer should so state in his return. The land had been regularly appraised and certified to as the law required, but the officer failed to state in his return that the appraisers had returned to him their ap-praisement in writing, signed by them. An offer was made to prove that they had done so, but this proof was rejected, and the return held to be defective. The statute was said to be a law of evidence; that the written evidence of appraisement was indispensable, and as necessary under the statute concerning •executions, as the same species of evidence is under the statute of frauds, and for the same reason.
The case cited from Greenleaf’s Maine Reports, decides that *263 the officer in selling land, must give the notice required by the statute, or his sale will not be valid. It is the only direct authority on the point that has been cited, and is entitled to great weight. The court gave no other reason for the decision, however, than that the statute required the notice.
As to the case of Thatcher v. Powell, so much relied on, it arose out of a tax-collector’s sale, which, as I think, differs materially from a sheriff’s sale, because, as was before stated, the one derives his whole authority from the statute; it is a naked statute power; the other derives his authority from the execution, emanating on a judgment which is a lien on all the property of th’e defendant. In the case of Thatcher v. Powell, it is true, there was an order of court, which is not generally required in sales for taxes. But it was not only the order of a court of limited jurisdiction, the judgment itself was void for want of jurisdiction. The reasoning of the court must be supposed to have been given in view of, and as applicable to the case before it. As an evidence of this, the reasoning pressed to the extent desired, would conflict with the reasoning of the same court, in Wheaton v. Sexton.
The cases of Osborne v. Woodson, Hayw. Rep. 32; Jones v. Fulgham, 2 Murphy’s Rep. 364, and Turner v. McRea, all decide directly and pointedly that a sale of real estate is not void, because the sheriff has failed to give the requisite notices. But it is said they are not based upon sufficient legal reason or authority to entitle them to any weight. They were made by courts of high respectability, and in point of legal reasoning, will compare very advantageously with the case in Maine Reports, which is the only one that decides the same point directly the other way.' And to these may be added the case already cited from 3 Ohio Reports, which decides that if the sheriff omit to make the appointment, the purchaser is not affected by it. The cases before cited from the Virginia and Kentucky Reports, need not be again referred to. See also 3 Humph. Rep. 76 ; 7 Iredell, 151.
In those states where there are statutes which expressly require the officer to return all the facts, and also require that the *264 return should be made a matter of record, we can see a reason for the degree of strictness which is required. The return constitutes part of the record title, and in many instances it seems to constitute the only title which the purchaser receives. But such a rule does not prevail here, nor is such a construction in harmony with the law of titles to real estate. These titles must be in writing, and it would seem inconsistent to require a party to support his title by parol proof, which would be necessary in all titles derived from sheriffs, if the purchaser is bound to prove that notice was given according to the statute.
But it is said there is no reason for a distinction between sales made by sheriffs and those made by tax collectors and administrators, and in cases of the latter description, the purchaser is bound to prove that the statute has been strictly complied with. In regard to tax collectors’ sales, the points of difference are obvious. His whole power is derived from the statute, and his authority depends upon a strict compliance with the statute. The strictness requisite in such cases has its origin in that great fountain of the law which regulates powers. A special or limited power must be strictly pursued, but more latitude is allowed in the exercise of a general authority. But there is a misconception of the decisions with regard to sales made by administrators, so far at least as the decisions in this state are concerned. Administrators are only authorized by law to sell the land of their intestate in certain specified cases. The probate courts, in granting a license or order to sell, exercises a special jurisdiction. It is necessary with regard to all courts of that description, that everything must appear upon the record which is necessary to give jurisdiction. The probate courts cannot order a sale of real estate except in those enumerated cases, and then the jurisdiction must be exercised in a particular manner. First, the necessity of the sale must be made manifest, and then all parties interested must be cited in a particular manner, before an order of sale can be made; and as the citation is requisite to give the court jurisdiction, the record ought to show a compliance with the law, otherwise the judgment of the court is void. And all the cases that have *265 been decided by this court, from Campbell v. Brown, 6 How. 106, down to Langhman v. Thompson, 6 S. & M. 259, were decided on the ground of a want of jurisdiction in the court, because the record did not show the requisite citations to parties interested. There is no case which turned on the regularity of the administrator’s advertisement and sale, after a valid order or judgment condemning the land to be sold. The cases decided are like the sales of a sheriff under a void judgment, and it has yet to be decided, whether an administrator’s vendee is to be affected by any mere irregularity in the administrator, in the manner of making the sale. This question was incidentally touched in Smith v. Denson, 2 S. & M. 326, and it was said the proper time to raise such an objection to the validity of an administrator’s sale, was when he made his report, and asked to have the sale confirmed by the probate court, such confirmation being necessary.
Judgment affirmed.
Mr. Justice Clayton
delivered the following opinion.
When this case was formerly before this court, it did not appear, from the proof, that the marshal had not given the notice of sale required by law. I then reserved any opinion, as to the effect of a sale made by a sheriff or other officer, when it appeared the required advertisements had not been given. In the absence of such proof, I regarded such sale to be prima facie valid. It now appears affirmatively, that the notice was not given. If I had not, on that occasion, reserved the point for further 'consideration, I should now add nothing to what has been sajd by the chief justice. I have examined the point with much care and attention, and I concur in his conclusion.
In England, lands were not the subject of sale under execution. In some of the older states of the Union, this is still the case; and in others, the principle on which such sales should stand, is not clearly defined. But in the new states of the South and West, where few fetters or restraints exist upon the free alienation of property, sales of the same character with this are uniformly supported.
*266 The statute in this state does not declare, that sales by sheriffs not made in pursuance thereof, shall be void. This is a material circumstance in the construction. Voorhees v. Bank of United States, 10 Peters, 471. That it should have a material influence and bearing is settled in Tennessee. In that state, there are several statutes regulating sales of land under execution. Some of them declare that the omission to give the required notices shall make the sale void ; others do not contain this provision. If, under the former class of statutes, the sheriff sell without having given the notices, the sale has been always declared void; if under the latter, the notices have not been given, the sale has. been sustained, and the sheriff rendered liable to the declared penalty. Trott v. McGavock, 1 Yer. 469; Jones v. Planters Bank, 3 Hum. 79. In New York, under a statute, declaring a penalty for a sale contrary to its provisions, the only effect of a non-compliance, when the purchase is bona fide, is to subject the sheriff to the penalty prescribed. Boyd v. Jones, 6 Wend. 522, Allen on Sheriffs, 184 - 424.
On the subject of such sales in Kentucky, it is held, “that there is a clear distinction between a sale by a sheriff without authority, and one where there is an authority not strictly pursued ; in the latter case, the sale is not void. Patterson v. Carneal's heirs, 3 Mar. 619. In Linthicum v. Dougherty, 8 Dana, 200, it is said, in a case of gross abuse of discretion, and authority on the part of the officer, the irregularity would be ground to set the sale aside upon motion, but would not render it void.'" See also, 6 J. J. Marshall, 237; 1 B. Monroe, 240.
In Alabama it is decided, that a sheriff’s deed cannot be collaterally impeached for any irregularity in his proceedings; all that is essential in such case is a judgment, execution thereon, levy and the sheriffs deed. Ware v. Bradford, 2 Ala. Rep. (N. S.) 682.
In a case which went up from the District of Columbia, the supreme court said, “ the purchaser depends on the judgment, the levy and the deed. All other questions are between the parties to the judgment and the marshal.” Wheaton v. Sexton, 4 Wh. 506.
*267 In North Carolina, a purchaser at sheriff’s sale of land, under execution, is only bound to show a judgment execution and sheriff’s deed. He is not bound to show a levy by the Sheriff, as against the defendant in the execution. Doe on dem. McEntire v. Durham, 7 Iredell, 151. In South Carolina, it is held the same rule prevails in reference to both real and personal estate. Gassaway v. Hall, 3 Hill’s S. Car. Rep. 289.
In Indiana, it is held, that a purchaser at sheriff’s sale, who pays his money and receives a deed from the sheriff for the land levied on and sold, cannot be prejudiced if the sheriff make an imperfect return, or if he make no return at all. Doe v. Heath, 7 Black. 156. The same doctrine is recognized in Illinois. Bybee v. Ashby, 2 Gilman, 166.
In Ohio, they have a statute requiring confirmation of a sheriff’s deed, and without such confirmation, the deed would be void. Lessee of Stall v. McAlester, 9 Ohio, 21. After confirmation, if the notice required by law has not been given, the title of the purchaser will not be affected. Allen’s Lessee v. Parish, 3 Ohio R. 187; Boal v. King, 6 Ohio, 11.
In Arkansas, it is held, that there is a peculiar propriety in entering a motion to set aside an irregular sale, before the rights of the parties have become fixed under it. The court says, “ upon such motion, all parties interested can be heard — the court will dulymonsider their rights and interests, and will make such order and decision as accords with law, and the justice of the case. If the sale be set aside, the purchaser acquires no title to the property, but is entitled to a return of the purchase-money.” Whiling & Slack v. Lawson, 1 English Ark. Rep. 427. So in Missouri, Reed v. Austin’s heirs, 9 Mo. 731.
These cases rest upon the general principle of reposing faith in the acts of ministerial officers, rvhere no partiality or corruption is shown, and no collusion with the creditor or the purchaser. They do not apply, if the conduct of the purchaser be fraudulent. They rest also upon the policy of the law, to encourage purchasers at execution sales, and to make the property bring as much as possible, by throwing every reasonable protection and guard around the rights of the purchaser.
*268 They present such a mass of authority, that I have no disposition to place myself in opposition to it, and I concur in the opinion that the judgment be affirmed.
Mr. Justice Thacheu having been counsel in the court below, gave no opinion.