Putnam, J.,
delivered the opinion of the Court. The creditor has an election to attach the property or the body of the debtor on mesne process, as well to secure his debt as to compel the debtor to answer; and by law the lien created by the attachment continues for thirty days after judgment. During that time the creditor may deliberate and determine what future process will be most for his advantage. If he sues an execution, he may direct it to be levied upon his body, if the debtor does not produce estate to the creditor’s acceptance. He is not obliged to take the body, or property which was attached on the original writ. If he should omit to do it, the only consequence would be, that he would lose the lien created by the attachment. Thus, if, within the thirty days, he should find it more for his benefit to take property than the body which was originally arrested, he may waive the one and take the other. So, if he attached property on mesne process, and should afterwards think the title not good, or that it would be better to compel the debtor to raise money from the property than to take it himself, he may waive his attachment, and use the execution as a copias ad satisfaciendum instead of a levari facias. These remarks tend to illustrate the position, that a creditor is not compellable to pursue, after judgment, the remedy indicated by his mesne process
In the case at bar, the defendant contends that the plain tiff, having a right to an execution, is obliged to * resort to it, and cannot maintain an action of debt within the thirty days after the judgment, because a new judgment would only give a right to an execution.
*207 It has been decided (1) that debt lies on judgment within or after the year. The case referred to by Chief Baron Comyns is in the 43 Ed. 3, 2, b, where it is said, “ If one recovers upon a statute merchant, and the statute gives an execution by copias, and also against the land, that notwithstanding he may have a writ of debt.” And there may be good reason for it. The interest of the money arising on the judgment can only be recovered by an action of debt upon the judgment. For the execution issues for the principal sum only; and property may be discovered which may be secured by the process of foreign attachment, which could not be touched by an execution against the debtor and the estate in his hands.
It may happen that the action of debt may be brought for the purpose of oppression only, and not for the better recovery of the money due. In such case, all the officers concerned would merit censure. But the case at bar is, by the demurrer of the defendant, confessed to be not of that iniquitous kind, but one brought to secure the debt, and not wantonly; and we do not perceive that there is any legal objection to it.

Replication adjudged good

 Com. Dig., Debt, A, 2.