Wood, J.,
stated the case and delivered the opinion of the court:
The facts are these: In 1832 the defendant sued out of the office of the clerk of the common pleas of Scioto county a summons against the plaintiff in an action of debt. At the return term of the writ, the sheriff having indorsed it “ served,”-the court ordered the plaintiff, on motion of the defendant, to put in special bail. The plaintiff, not complying with this order, was committed.
To obtain the order for special bail, the defendant exhibited to the said court the exemplification of the record of a judgment of the common pleas of Pike county in favor of the defendant, against the plaintiff for five hundred and seventy-two dollars, rendered on September 21, 1825, and no other evidence of indebtedness. The counsel for the plaintiff resisted the making of the order, on the ground that no affidavit of indebtedness was made by the defendant in error, and took á bill of exceptions to the opinion of the court in sustaining the motion for special bail, and which decision is assigned for error.
The defendant in error then filed his declaration in debt on the same judgment, and to which the plaintiff demurred specially, *and set down for cause of demurrer: 1. That the judg- [522 ment on which the action was brought was rendered in the county of Pike, and within the judicial circuit in which the action was commenced; and it did not appear, by the declaration, but that execution might well issue on th.e same. 2. Because it would be oppressive, and contrary to the policy of the law, to suffer the defendant in error to have one judgment on another in such case, creating unnecessary evils and litigation. 3. Because it is not *530 averred, in said declaration, that said judgment, on which suit was brought, was dead in law, so that no execution could issue thereon.
To this demurrer the defendant in error filed his rejoinder in error in these words: “joinder in short” etc. The court of common pleas overruled the demurrer, which decision is also assigned for error.
On overruling the demurrer, the court gave the plaintiff in error leave to plead. The plaintiff in error then filed a plea of payment to the declaration and a notice of set-off.
The cause was afterward submitted to the court by counsel, and judgment without any replication to the plea of payment was rendered for the defendant in error, and without passing on the plea of payment, which decision and. proceedings of the court in rendering the said judgment is assigned for error.
We will take up the several points made, in their order:
1. Had the court of common pleas the power to order special bail to be filed by the plaintiff in error, on -the production of the record of the judgment, without the affidavit of the defendant in error ?
This depends entirely on section 6 of the act regulating the practice of the judicial courts, which provides “ that the plaintiff shall be entitled to have special bail, in all actions brought on any covenant, bond, sealed bill, promissory note, due bill, bill of exchange, or article of agreement for the payment of any sum of money certain; and in all actions brought on other contracts, by which the sum due or damages sustained shall appear to be uncertain, but which the plaintiff or his agent shall swear, by affidavit to be filed in the cause, are, not less than one hundred dollars; and the plaintiff shall have special bail in all other cases in which the court in term time, or any judge thereof in vacation, shall, from the particular circumstances, order such bail to be given. If special bail be allowable, as a matter of course, on the several in-523] struments *above specified, and we were to reason from analogy, it would not require any very great latitude of construction to extend the statute to a judgment, as an obligation or contract, on which the party would be entitled to special bail without order or affidavit.
It is, however, probably not within its meaning; for, although it is a contract of the highest nature, by which the rights of the parties are definitely settled, and no longer open to litigation, it is *531 not of the description of contracts pointed out in this section of the statute, but was left out unquestionably by unintentional omission. A judgment is not within that description of contracts enumerated, when the plaintiff will be entitled to special bail by making an affidavit, because there neither the debt nor damages are uncertain. It is, however, embraced in this provision : “And in all other cases in which the court in term time, or a judge in vacation, shall, from the particular circumstances of the case, order such bail to be given.” Here the case is embraced. Is there any law requiring an affidavit to be presented to the judge, before he can order bail. The conscience of the court must be informed. The court may have personal knowledge of the circumstances; they may be convinced,' from the examination of the evidence of the plaintiff’s claim, from the statements of counsel, or otherwise, and exercise their discretion in an order for bail. Such is, doubtless, the meaning of the broad provisions of this section of the statute, and has been the practice of the common pleas and the Supreme Court for many years. The common pleas, then, did not err in making the order for bail upon the evidence which the record furnished of indebtedness. On motion for bail the plaintiff may disclose the circumstances by affidavit or otherwise. Wilcox, Forms, 12.
We then come to the demurrer to the declaration, and the causes assigned, and they may all be disposed of at the same time. It is one of the first principles we learn in relation to the action of debt, that it may be sustained on a record of a judgment, and when the judgment is obtained, and the record made up, the right of action is complete. It may be brought, not only on the judgments of our own courts, but those of our sister states. The right to .issue execution on a judgment is a remedy cumulatory only; and I know of no law which would deny to the party a right of action on a judgment, if he chose that remedy, because he could issue an execution.
*This opinion reaches all the points made by the demur- [524 rer. The court did not err in overruling it.
The joinder to this demurrer is'“m short,” and shows that the practice of prairie pleading is more extensive than may have been imagined. It an objection had been taken to this joinder, "in short,” under the authority of a case which was disposed of by a late distinguished judge of this court, it would have been stricken *532 from the files, in short,” at the costs of the plaintiff helow. It would require but a moment more time, and a few more words, to have placed a formal joinder on the record, and we intend to censure, at least, a practice so loose, and which must, if permitted, render the records of our courts a source of ridicule. It was once said by a learned judge that infinite mischief accrued by the facility of courts in overlooking errors of form; that it encouraged carelessness, and placed ignorance too much on a footing with knowledge, among those who practiced the drawing of pleadings. Precedent is safe, and should not be departed from without sufficient cause by those who practice the science of the law. This joinder, in short, is assigned for error, but it is unnecessary further to notice it, as the remaining point is decisive of the case. 2 Ohio, 253.
The cause was submitted to the court, in the place of the jury, to pass upon the issues made up, or which should, more properly speaking, have been made up between the-parties. The court found the debt in the record, declared on for the plaintiff, but omitted to take any notice of the special plea of payment. If the court below considered an issue made up on the plea, they have not responded to it, whieh omission is error. If they did not consider the issue made, it was error to dispose of the case while the plea remained on record as a part of the case, although without a replication. In either case it is error. 5 Ohio, 277, in part.
The want of a replication is carrying still farther, we suppose, the “prairie practice,” It is a replication in short, so short that, in short, there is nothing of it.
Judgment reversed — remanded—to be reinstated and proceeded in, in common pleas, as that court may be advised.