## Hobart *vs.* Haskell.

The bankrupt law of the United States contemplates that a creditor may maintain a suit in a State court upon a demand provable under a commission in bankruptcy, although the debtor may have filed his petition to be declared a bankrupt.

The filing a petition in bankruptcy by the defendant in an action pending in the court of common pleas, does not deprive the court of its jurisdiction, and the action will not for that reason be dismissed upon motion.

Assumpsit upon a promissory note. The writ was dated on the 15th day of August, 1842, and served on the 18th of August.

The defendant filed his petition to be declared a bankrupt, in the district court of the United States for this district, notice upon the petition was given, and a hearing ordered to be had thereon upon the 18th day of October, 1842.

Upon the foregoing facts, the counsel for the defendant moved that the action be dismissed.

*D. Blaisdell*, for the plaintiff.

*Duncan*, for the defendant.

Gilchrist, J. The first question here is, whether the courts of this State still have jurisdiction of this case.

Now, it does not appear, and we cannot know that any thing farther will ever be done in the matter of the petition in bankruptcy. It may be abandoned and never come to a hearing. And if there should be a hearing, the district court may not declare the petitioner a bankrupt. In that event, there will be no assignee in whom will be vested all the property and rights of the petitioner. The filing the petition is merely an effort by the petitioner, an expression of his intention that the management of his assets shall, through the intervention of the district court, be transferred to an assignee, who shall appropriate his property to the payment

of his debts.   But if the district court should, at a proper time for passing upon the matter, refuse to entertain the petition, the plaintiff's right would be injured beyond remedy, in case the property of the defendant had been attached by process issuing from the court of common pleas; for he would not only lose his attachment here, upon the dismissal of his action, but he would not even have the opportunity of coming in with other creditors for a *pro rata* distribution of the defendant's property by the decree of the district court. Upon these views, there would be sufficient reasons why this action should not be dismissed, without resorting to the provisions of the bankrupt act.   The defendant moves that the action be dismissed, because he has submitted himself to the jurisdiction of another tribunal.   He thus seeks to deprive the plaintiff of the remedy given him by law, by an act to which the plaintiff is not a party, and which he has in no form assented to.   No such result is contemplated by the bankrupt law, even from the decree declaring the party a bankrupt; for the third section of the act provides that all suits then pending, in which the bankrupt is a party, may be prosecuted and defended by the assignee in the same way and to the same effect as they might have been by the bankrupt.   The act is far from providing that suits pending in the State courts shall be dismissed in any event whatever.   So far is it from saying that, that it does not allude to such suits at all, except with reference to the powers of an assignee, and then it provides that he may prosecute and defend them.

We cannot, therefore, see any reason why the motion of the defendant should be granted.

*Motion denied.*