Withers, J.
delivered the opinion of the Court.
It is remarked by Mr. Chitty, in his 1st vol. on pleading, p. 103, (treating of the action of debt on judgment,) as follows: “At common law, debt was the only remedy after a year and a day had elapsed from the time the judgment was recovered, though scire facias is now sustainable.” It is supposed that the rule, which prohibits this action of debt within a year and a day, is founded upon the idea, that during such period the plaintiff has all the remedies upon the first judgment which a second one would'glve him, and therefore that costs should not be imposed upon a defendant, or other injury inflicted upon him, for no end that could prove useful to the party plaintiff. We may well suppose this to be a leading reason upon the subject, since, by Statute George III. ch. 46, see. 4, costs are denied in this species of action, unless otherwise directed by a Judge.' — Vide Chitty, ubi supra. This reasoning will apply in its full force, and indeed was employed in the case of Lee v. Giles, 1 Bailey, 449, which presented an instance of gross oppression upon the defendant. But a manifest distinction is supposed to exist where the judgment and fieri facias are in another State, and such was the fact in the case before us. Such a judgment is but evidence of debt in this State, under, the legislation of Congress, and according to the construction given to the Constitution of the United States upon this subject. It has no lien here, has been held to rank as a simple contract debt, in marshaling assets, and hence the party plaintiff has not that full and complete remedy to which he is entitled, and which is supposed to be a material consideration in withholding his hand for a year and day. His remedy will be more or less complete, according to the law and practice of Georgia, but it would become quite nugatory, irrespective of time, when the defendant withdraws himself and his property from the State in which judgment has been rendered. Suppose within the year and day, these defendants, having converted their effects into money, should have appeared in Charleston, and have made arrangements to leave the United States permanently — ought not the plaintiff, in the Georgia judgment, to have the right of action? The motive in such case could not be oppression. But in any instance the officers of Court must be concerned in bringing a second action, and they are *348 always amenable to the authority of the Court, and subject to responsibility for mal-practice. Such suggestion is to be found as occurring to the Court of Massachusetts, in Clark v. Goodwin, 14 Mass. Rep. 237, which case may be consulted as conformable to the views herein adopted.
Whether the rule shall be, respecting judgments in this State, that debt shall not be brought upon them while they are operative to allow an execution to go, we have no occa-. sion now to determine any thing. A year and day was adopted as the period of restraint in Lee v. Giles, but the reason alluded to would extend the period of restraint to three years — -for, by the Act of 1815, an execution may go within that time. However this may be, touching our own judgments, we see no good reason to hold the proceeding of Conner to have been unlawful in its inception. Whether the attachment bond has been violated in any other respect, is not a question before us. That may be inquired of, without prejudice, upon a new trial, which is ordered.
Richardson, J. O’Neall, J. Evans, J. Wardlaw, J. and Frost, J. concurred.

Motion granted.