## HOLLISTER *v.* ABBOTT.

The judgment of a court of record, having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies in any court, until it is regularly vacated or reversed by some court having jurisdiction for that purpose.

Where a suit was commenced upon a note and the defendant subsequently applied to the district court for a discharge in bankruptcy, and before the certificate was granted he was defaulted in the suit, and the cause was then continued for judgment, and the debt was not offered to be proved under the commission, but judgment was rendered against him after his discharge was obtained—*held*, that these facts were no defence to an action upon the judgment, it having been obtained subsequent to the discharge; and that a brief statement setting forth the same should be rejected on motion.

DEBT, on a judgment of the court of common pleas, for the western judicial district of the county of Grafton, recovered against the defendant at the February term, 1844, for $58 debt and $23,01 costs of suit.

The defendant pleaded *nul tiel* record, with a brief statement.

The plaintiff moved the court to reject the brief statement, for the reason that the facts set forth in it did not constitute a defence to the action ; and the court ordered that

the brief statement be rejected. To which order the defendant excepted.

The brief statement was as follows:

Defendant will prove on the trial of this issue,

That at the February term of the court of common pleas, A. D., 1844, holden at Haverhill, within and for the western judicial district of said county, the said Orrin S. Hollister recovered judgment against the said defendant for fifty-eight dollars debt or damage, and twenty-three dollars and one cent costs of suit, which is the judgment upon which the aforesaid suit is founded.

That the suit upon which said judgment was recovered against the defendant was founded on a note of the defendant to said Hollister, and was returnable to and entered at the court of common pleas holden at Haverhill, in and for said western judicial district of said county, on the first Tuesday of September, A. D., 1842.

That the entry in said suit, founded on said note, at said September term, 1842, was " continued to be defaulted."

That at the February term of said court of common pleas, A. D., 1843, said defendant was defaulted in said action.

That at the September term of said court of common pleas, A. D., 1843, said action was continued, and judgment rendered against the defendant as aforesaid, at the February term of said court, A. D., 1844.

That the defendant on, to wit, the 21st day of January, A. D., 1843, being then and now a resident of Littleton, in the county of Grafton and State of New Hampshire, within the limits and jurisdiction of the district court of the United States for the district of New Hampshire, and a resident in said district, having filed his petition in said district court for said district of New Hampshire, praying to be discharged in full from all his debts, and for a certificate of such discharge, pursuant to the act of Congress entitled "An act to establish a uniform system of bankruptcy throughout the

United States," passed August 19, A. D., 1841, and having *bona fide* surrendered all his property and rights of property, with the exception of the necessary household and kitchen furniture, and such other articles, necessaries and wearing apparel, as were allowed to the said defendant under and by virtue of the aforesaid act, and having fully complied with and obeyed all the orders and directions made from time to time by said district court, and otherwise conformed to all the requisitions of said act, and no dissent having been filed, and no cause having been shown why the prayer of the petition should not be granted, said defendant was, by virtue of said act, and by the order and decree of the said district court, on, to wit, the 20th day of September, A. D., 1843, then and there fully discharged of and from all his debts, owing by him at the time of the presentation of his petition, on, to wit, the 21st day of January, A. D., 1843.

A certificate whereof was granted to said defendant under the seal of the said district court, and duly signed by the clerk thereof, and dated October 9th, 1843.

That the debt declared on in this suit was provable under the commission duly issued from said district court in the defendant's said proceedings in bankruptcy, and was not contracted in any fiduciary capacity.

Defendant will also prove that the said note to said Hollister, and all the costs of said suit, founded on said note, were provable under the said commission, except the costs of the February term of said court of common pleas for said western judicial district of said county of Grafton, A. D. 1844.

That said defendant had no opportunity to plead his aforesaid discharge of bankruptcy in bar of the further maintenance of said suit, founded upon said note, because he was defaulted in said suit long before he obtained said discharge.

That the said suit, founded upon said note, was, after said default, continued along from term to term, in said

court of common pleas, at the suggestion and for the benefit of said Hollister, that he might thereby obtain judgment in the said suit, subsequently to the discharge of the defendant in bankruptcy, without the knowledge or consent of said defendant, as he had no counsel in said action after said default.

*Rand*, for the defendant.

It has been held in this State that a discharge in bankruptcy will discharge the debt, although judgment was rendered after the filing of the petition. *Bell* v. *Glazier*; a case in Grafton county not yet reported.

Abbott, in this case, was defaulted before he obtained his discharge, and had judgment been rendered then, it is clear the discharge would have been a bar.

After his default and the withdrawal of his counsel from the case, he had no opportunity to plead his bankruptcy, even if he had a right.

And he could not plead his bankruptcy as a matter of right after becoming defaulted.

If his discharge could not be pleaded as a matter of right, to the original suit, because of the default, it seems no more than just that it should be treated as a bar to a judgment founded on such default, though the plaintiff, by continuing the action from term to term, succeeded in getting judgment after such discharge. A discharge in bankruptcy discharges all debts provable under the commission. *Kittridge* v. *Warren*, 14 N. H. Rep. 509.

The original debt in this case was provable under the commission, and is therefore barred by the discharge in bankruptcy.

The court, in the case of *Goodall* v. *Batchelder*, refused to set aside a verdict to give the defendant an opportunity to plead his bankruptcy, his discharge being obtained, I think, after verdict and before judgment. This case was

also in Grafton county, and is not reported, and possibly may not have gone to the superior court.

A default seems to stand in this matter like a verdict.

The court might not, it is true, refuse to strike off the default for such a purpose, or they might refuse. Certainly the defendant could not claim it as a matter of right. See *Ewing* v. *Peck*, 17 Ala. Rep. 420; which seems to hold that where the defendant has not the legal right to plead his bankruptcy to the suit he may plead it to the judgment.

*Goodall & Carpenter*, for the plaintiff.

No matter of defence can be pleaded to an action on a judgment which existed anterior to the rendition thereof; nor can any of the proceedings prior to such rendition be inquired into in such action, for the purpose of invalidating such judgment. 1 Chit. Pl. § 486; *Thatcher* v. *Gammon*, 12 Mass. Rep. 268; *Flint* v. *Sheldon*, 13 Mass. 443; *Granger* v. *Clark*, 9 Shep. 128; *Nichols* v. *Smith*, 6 Foster's Rep. 300, and cases there cited.

As to the effect of the defendant's bankruptcy, we cite the following cases. *Lee* v. *Phillips*, 6 Hill 246; *Crouch* v. *Gridley*, 6 Hill 250; *Thompson* v. *Hewett*, 6 Hill 254; *Fisher* v. *Foss*, 30 Maine Rep. 459; *Kelley* v. *Thompson*, 2 Denio 73; *Rice* v. *McDonald*, 32 Maine Rep. 418; *Charles ex parte*, 16 Ves. 256; *Buss* v. *Gilbert*, 2 Maule & S. 70.

EASTMAN, J. While the courts of this State have given full effect to the certificates of discharge granted to individuals under the United States bankrupt act of 1841, they have taken care that their own jurisdiction and judgments should not be disregarded by any doubtful action of the courts of the United States in carrying out that act. They have endeavored, also, to see to it that certificates of bankruptcy shall not cover any more extensive ground than what legitimately and properly belong to them. A certificate of discharge obtained without fraud is a bar to all debts exist-

ing against the bankrupt at the time of the discharge, and provable under the commission; not affecting, however, any valid liens in favor of such debts. *Kittredge* v. *Warren*, 14 N. H. Rep. 509; *Kittredge* v. *Emerson*, 15 N. H. Rep. 227.

But although a certificate of discharge in bankruptcy may be pleaded in bar of all debts, contracts and other engagements provable under the act, and is a full and complete answer to all suits brought in any court for the recovery of the same, yet it is not an answer to any debts, contracts or obligations arising against the bankrupt subsequent to the discharge. And a debt discharged by the certificate may be renewed and revived by the bankrupt after obtaining his discharge, if he see fit to do it; and he will be liable upon his new undertaking.

This defendant obtained his certificate of discharge in bankruptcy on the 9th day of October, 1843, and the judgment which is the foundation of this suit was recovered at the February term of the common pleas, 1844. By the ordinary rule, then, the judgment having been rendered several months subsequent to the granting of the certificate, it would not be affected by the discharge. The brief statement, however, sets forth that the suit in which this judgment was rendered was commenced in September, 1842, upon a note of hand, being a debt provable under the commission in bankruptcy; and it is contended that the note should have been then presented, or judgment should have been taken upon the default which was entered in the action at the February term of the common pleas, 1843. The facts set forth in the brief statement are, for the purposes of this decision, to be taken as true, and the question presented by the case is, whether these facts, if pleaded, would be any answer to an action of debt on the judgment.

It is a well established principle that the judgment of a court of record having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies

in every other court, until it is regularly reversed by some court having jurisdiction for that purpose. Notwithstanding the proceedings may be erroneous, yet as between the parties the judgment must stand until regularly vacated or reversed. Where a court has jurisdiction, it has a right to decide every question which arises in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. In no collateral way can the parties question the correctness of a judgment which has been rendered between them, in a court having jurisdiction of them and of the subject matter. The only way for them to investigate such a judgment is by a re-hearing of that cause either by writ of error or some other legal and direct mode; for to the extent to which the judgment goes, their rights have been considered and decided; and they have submitted to that decision, either from the force of law after a final hearing by a court of last resort, or from a disinclination to pursue the matter further, when other courses of procedure for re-hearings were open before them, and might have been had if they had so elected. Upon this point the authorities are numerous and decisive. *Elliott* v. *Piersol,* 1 Pet. S. C. Rep. 340; *Mills* v. *Duryee,* 7 Cranch 484; *Holmes* v. *Kenison,* 20 Johns. 268; *Phillips* v. *Hunter,* 2 H. Blk. Rep. 415; *Brown* v. *Crompton,* 8 D. & E. 424; *Latham* v. *Edgerton,* 9 Cow. 227; *Hecker* v. *Jarratt,* 4 Binn. 410; *Peck* v. *Woodbridge,* 3 Day 36; *Loring* v. *Mansfield,* 17 Mass. Rep. 394; *Homer* v. *Fish & a.,* 1 Pick. 439; *Gorrill* v. *Whittier,* 3 N. H. Rep. 269; *Smith* v. *Knowlton,* 11 N. H. Rep. 191; *Kittredge* v. *Emerson,* 15 N. H. Rep. 227; *Nichols* v. *Smith,* 6 Foster's Rep. 298; *Demeritt* v. *Lyford,* 7 Foster's Rep. 541; *Lamprey* v. *Nudd,* 9 Foster's Rep. 299; *Smith* v. *Lowry,* 1 Johns. Ch. Rep. 322; 4 do. 468.

Many more authorities might be adduced, but the principle is too well settled to require them. And as between the parties, it makes no difference whether the question arises

collaterally, or by a direct suit between them upon the judgment. Lord *Mansfield* says that " it is most clear that the merits of a judgment can never be overhauled by an original suit either at law or in equity. Till the judgment is set aside, or reversed, it is conclusive, as to the subject matter of it, to all intents and purposes." And Lord *Redesdale,* in *Bateman* v. *Willoe,* 1 Sch. & Lefr. 204, enforces the same principle as a rule in chancery. He says, " if a matter has already been investigated in a court of justice, according to common and ordinary rules of investigation, a court of equity cannot take on itself to enter into it again. Rules are established, some by the legislature, some by the courts themselves, for the purpose of putting an end to litigation, and it is more important that an end be put to litigation, than that justice should be done in every case." The case of *Demeritt* v. *Lyford,* 7 Foster's Rep. 541, recently decided by this court, was debt upon a judgment for costs which Demeritt had recovered against Lyford, in a suit wherein Lyford had been plaintiff and Demeritt was summoned as trustee of one Batchelder. Demeritt was discharged as trustee and recovered judgment against Lyford for his costs, and then brought debt on that judgment. To that Lyford pleaded that the disclosure was false and perjured, and thus the judgment fraudulently obtained. On demurrer the plea was held bad ; the court deciding that a judgment of a court of competent jurisdiction, upon a matter directly in issue is conclusive between the parties; and that the judgment in that case could not be impeached by a plea that the disclosure was false, or fraudulent, or perjured.

It appears to us, then, very clear, that the judgment upon which this suit was brought cannot be questioned in the manner contended for by the defendant. The court had jurisdiction both of the subject matter and of the parties. They had the power to continue the action for judgment after the default. Such is the very common practice in this State, and if the defendant had wished the judgment to be

entered up against him so as to have it in a situation to be proved under the commission, the court would probably have so ordered; or would have permitted the default to have been stricken off to let in the plea of bankruptcy, *puis darrein continuance.* The court would not have dismissed the action upon the filing of the petition in bankruptcy, for they could not know that anything further would be done in the matter, or that any certificate would ever be obtained. Such a proceeding does not deprive the court of jurisdiction. *Hobart* v. *Haskell,* 14 N. H. Rep. 127. But it has been held that where a defendant has neglected to plead a bankrupt discharge obtained after a suit was commenced, and judgment has been given against him by default, he can have the default set aside and be let in to plead, on the payment of costs. *Sandford* v. *Sinclair,* 6 Hill 248; *Lee* v. *Phillips,* 6 Hill 246.

This defendant made no attempt to have the judgment vacated, nor did he take any steps to relieve himself from its full force. It has been suffered to stand for years as a judgment regularly obtained against him after his discharge in bankruptcy, and it cannot now be defeated by a state of facts, which, if timely interposed, might have been successful.

As, therefore, the matters set forth in the brief statement would, if pleaded, have been no answer to the declaration, the ruling of the court, in rejecting the brief statement, was correct.