*Sanfok.d, J.
In the case of Finch v. Ives, 24 [ *114 ] Conn., 387, this court decided that the original judgment on which this suit was brought was a final judgment. And in the case of Dennison v. Williams, 4 Conn., 402, it was determined that an action of debt on judgment may be brought at any time, and that no reason for bringing it, other than the non-payment of the judgment, need be stated in the declaration.
In the face of these decisions, it is difficult to .understand how the claim of the plaintiff in error, that the suit was prematurely commenced, can be sustained.
If it be true, as he claims, that the judgment for costs was erroneous, still his only remedy was by writ of error or motion in error, and having suffered the statute of limitations to run against him, he is now remediless.
This is the only error assigned; but the record discloses the fact that the court rendered judgment for §3.48, more than the amount demanded in the plaintiff’s declaration, and to that extent the judgment is erroneous. But the plaintiff in error is *94 not entitled, as a matter of course, to a reversal on that account.
The 13th rule of practice (18 Conn. 572,) provides that “ in every writ of error brought to the superior court or supreme court of errors, and in every motion in error, there must be a special assignment of errors, in which the precise matters of error or defect in the proceedings in the court below, relied upon as grounds of reversal, must be set forth, and no others will be heard or considered by the court.” This rule is reasonable, easily complied with, and salutary in its operation. Its object is to apprise the opposite party and the court of the questions intended to be raised, and the plaintiff ought not to be permitted to defeat that object, and abrogate the rule, while he deludes his adversary by the assignment of only a part, perhaps the least material, of the errors whicli he relies upon for ultimate success.
It is true that the court is at liberty to reverse, when the record discloses a fatal defect in the proceedings of the inferior court, although such defect has not been assigned for [ *115 ] error as the rule requires, if in the opinion of *the court the substantial justice of the case requires such reversal. Crandall v. The State, 10 Conn., 339. But the error suggested in the case before us is trifling in amount, involves no erroneous principle of law affecting the merits of the controversy between the parties, and a reversal on account of it would only enable the plaintiff in error to reduce the recovery to the amount demanded in the declaration. “ The game would not be worth the candle.”
The court ought not to interfere in a case like this. The judgment of the superior court must be affirmed.
In this opinion the other judges concurred.
Judgment affirmed.