GEORGE W. ALBIN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. SCIRE FACIAS—*of averments therein.* It is not necessary that a *scire facias,* to revive a judgment, should contain an averment that execution had not been issued within a year and a day.

2. EXECUTIONS—*within what time they may issue.* Where a judgment has been recovered by the people on a recognizance, it is not essential that execution should issue within a year and a day from the time of rendition of judgment, in order to authorize the issuance of execution after that time.

3. SCIRE FACIAS TO REVIVE JUDGMENT—*when it will lie.* But where the people have recovered such judgment, *scire facias* will lie thereon, notwithstanding execution could be issued on the judgment at the same time.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. HIRAM B. DECIUS, Judge, presiding.

This was a proceeding by *scire facias*, to revive a judgment obtained by the people upon a recognizance. Upon trial in the Court below, judgment was rendered against the defendants, who bring the cause to this Court by writ of error.

The facts appear in the opinion of the Court.

Messrs. HENRY & READ, for the plaintiff in error.

Mr. ROBERT G. INGERSOLL, Attorney General, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is insisted that this writ of *scire facias* would not lie, because there had not elapsed seven years from the date of the rendition of the judgment, on which execution was sought by this proceeding; and it is said that while the *scire facias* fails to show the fact, it appears in the record of the original case, that an execution was issued within one year from the date of its rendition. It is one of the most familiar rules of practice that a plaintiff may sue and recover, in an action of debt on an unsatisfied judgment. And the practice is equally uniform, that a *scire facias* may be maintained on a judgment when it has become dormant, so as to have it revived, and obtain execution of the judgment.

Upon consulting approved precedents, it is found, that the *scire facias* does not contain an averment, that an execution has not been issued within a year and a day. The averment is, "That although judgment aforesaid, in form aforesaid, is given, execution nevertheless, for the debt and damages aforesaid, remains to be made to him," the plaintiff. In this case the usual form is not adopted, but the averment is this: "Which said judgment remaining unsatisfied and unpaid." This, we think, is substantially good, although informal, and must be held sufficient to support a judgment.

It is also insisted, that a *scire facias* will not lie in favor of the people, as the law does not impute *laches* to the State. We find in works on practice, that it is said it is not necessary to sue out this writ on judgments in favor of the king, and the same is no doubt true of judgments in favor of the people, notwithstanding more than a year has expired after its rendition. But while it may be unnecessary to do so, still no reason is perceived why it may not be done. An action of debt may be brought, and a recovery had, on a judgment upon which an execution may issue, and yet it is no defense, that the suit was unnecessary. It will not be denied that the people could have maintained debt on this judgment, although it may have been unnecessary. Plaintiff cannot object because the people have chosen to give him the opportunity to show that he has paid or discharged the judgment. It was, no doubt, optional with the people to sue out the writ, or to have had execution issued at once, and they have elected to adopt the former course, and in it no error is perceived. The judgment of the court below must be affirmed.

*Judgment affirmed.*