## JOHN LINTON *vs.* DANIEL HURLEY.

An action may be maintained upon a judgment, although an execution issued thereupon has not been returned.

CONTRACT in the Superior Court upon a judgment recovered by the plaintiff in the Supreme Judicial Court. The answer was a general denial, and payment and satisfaction.

At the trial, before *Devens,* J., the plaintiff called the clerk of the Supreme Judicial Court, who read from the record of that court a judgment corresponding in date and amount with that set forth in the declaration. It further appeared that an execution had issued upon the judgment December 8, 1859, and had not been returned. The defendant contended that the plaintiff could not recover upon this evidence, and that the absence of the execution, unaccounted for, was conclusive against him; but the court instructed the jury that if the recovery of the judgment was proved, then the defendant must show a payment, or satisfaction by settlement or discharge, and that the burden of proof was upon him to satisfy the jury of such payment or satisfaction, and that for this purpose the absence of the execution was a piece of testimony to be considered, but was not conclusive.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. Russ,* for the defendant.

*I. Knowles, Jr.,* for the plaintiff.

BY THE COURT. An action brought upon a judgment within twenty years after it is rendered may be maintained, without regard to the question whether an execution has been taken out or returned, unless the defendant proves payment or satisfaction. Gen. Sts. *c.* 133, § 17; *c.* 155, §§ 1, 23. *O'Neal* v. *Kittredge,* 3 Allen, 470. *Exceptions overruled.*