MORSE & a. v. PEARL & Trs.

An action upon a judgment is maintainable, although an execution upon the judgment has been issued and not yet returned.

If an attachment of property which cannot be taken on execution is made in such an action, the maintenance of the action is not affected by the existence of visible property which could have been taken on execution.

DEBT, on a judgment. Facts found by the court. At the time the action was brought, an execution had been issued on the judgment but not returned. The officer subsequently made a

return of a levy in part satisfaction. This process was foreign attachment, and the trustees appear by their disclosures to be chargeable. If it is material whether the defendant had visible property subject to be taken on execution, the parties have leave to introduce evidence upon that question hereafter. The defendants moved to dismiss on the ground that the action was prematurely brought, and was an abuse of the process of this court. The motion was denied, and the defendants excepted.

*Samuel S. Parker*, for the plaintiffs.

*Felker & Pearl*, for the defendants.

BLODGETT, J. The action was not prematurely brought. A judgment creditor has a common-law right to sue upon his judgment as soon as it is rendered, and this right is neither barred nor suspended by the issuing of an execution. *Hale* v. *Angel*, 20 Johns. 342; *Smith* v. *Mumford*, 9 Conn. 26; *Ives* v. *Finch*, 28 Conn. 112; *Clark* v. *Goodwin*, 14 Mass. 237; *Headley* v. *Roby*, 6 Ohio 521; *Albin* v. *People*, 46 Ill. 372; *Stewart* v. *Peterson*, 63 Pa. St. 230; *Ames* v. *Hoy*, 12 Cal. 11; *Kingsland* v. *Forrest*, 18 Ala. 519; Freem. Judg., s. 432. Nor is it otherwise under our statutes. "Actions of debt upon judgments . . . may be brought within twenty years after the cause of action accrued, and not afterwards." Pub. Sts., c. 217, s. 4. And even if an execution has been issued and not returned, an action may be maintained upon a judgment, in the absence of plea or proof of satisfaction. *Linton* v. *Hurley*, 114 Mass. 76; *Wilson* v. *Hatfield*, 121 Mass. 551.

The suing out of the plaintiffs' writ was not an abuse of the process of this court. It gave the plaintiffs a new remedy, of which they could not avail themselves by their execution; and there can be no reason why a judgment creditor who discovers property of his debtor which may be secured by foreign attachment, and which cannot be touched by execution, may not properly avail himself of that remedy. Indeed, this is so even where the doctrine prevails that an action on a judgment cannot be maintained while the judgment is enforceable by execution. *Shooter* v. *McDuffie*, 5 Rich. 61, 66—21 Am. Dec. 479, *note*.

It is not material to show whether the defendant had visible property that could have been seized and applied on the execution. It was the right of the plaintiffs to determine what legal process would be most for their advantage for the better recovery of their debt (*Clark* v. *Goodwin*, *supra*), and the fact that the one adopted by them proved to be efficacious affords the defendants no reasonable cause for complaint.

*Exception overruled.*

SMITH, J., did not sit: the others concurred.