TETTAMAUZI ET AL., PLAINTIFFS AND APPELLEES, *v.* ZENO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action of Debt.

No. 1486.—Decided February 9, 1917.

EXECUTION—JUDGMENT—ORDINARY PROCEDURE.—The fact that certain formalities are prescribed by statute for the execution of judgments does not prevent recourse to the ordinary procedure to enforce fulfilment of the obligations adjudged therein.

PLEADING—VERIFICATION—UNLAWFUL DETAINER.—A person who is not a party to an action may verify any pleading filed therein in the case provided for by section 118 of the Code of Civil Procedure, said case not being limited to actions of unlawful detainer inasmuch as the authority given is general and courts should make no distinctions which have not been made by the Legislature.

ID.—ID.—SWORN ANSWER—JUDGMENT ON PLEADINGS.—The complaint in this case having been duly verified, the defendant should have verified his answer and, having failed to do this, he cannot complain that the court, on motion of the plaintiff, rendered judgment on the pleadings.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for the appellant.

*Messrs. José A.* and *Alberto S. Poventud* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The complaint in this case is as follows:

"Now come the plaintiffs in the above-entitled action and respectfully allege and pray: I. That the said plaintiffs are the only lawful heirs of Clementina Voigt y de Castro, who died August 11, 1908. II. That said Clementina Voigt y de Castro, plaintiff's predecessor in interest, was the plaintiff in action of debt No. 114, brought in the District Court of the United States for Porto Rico against the defendant herein, Manuel Antonio Zeno Gandía, and on May 13, 1904, the said court duly rendered and entered judgment in this Island of Porto Rico against the said defendant, Manuel Antonio Zeno Gandía, and in favor of the said Clementina Voigt y de Castro for the sum of $2,153.63, together with the costs of the said action and interest at 6 per cent from said date until paid, the said judg-

ment being final and enforceable. III. That the costs of the said action in the Federal Court were legally and properly taxed in $121.05, which amount, added to the principal judgment debt, made a total on the said date of $2,274.68, of which said Clementina Voigt de Castro has been able to collect only $23, the balance of $2,251.68 still remaining unpaid by the said defendant, Manuel Zeno Gandía, according to plaintiffs' information and belief. IV. That from May 13, 1904, to date the annual legal interest of 6 per cent allowed by the judgment on the said sum of $2,251.68 amounts to $1,496.49, which together with the principal sum mentioned in the preceding clause make a total of $3,748.17, the amount due and owing by the said defendant to the said plaintiffs, according to their information and belief, no payments whatever having been made by the said defendant to the plaintiffs themselves, or to any person for their account.

"WHEREFORE, the plaintiffs pray that after due formalities of law the court render judgment adjudging that the defendant pay to the plaintiffs the said total sum of $3,748.17, with interest thereon from the date of the filing of the complaint, together with the costs, disbursements and attorney fees. Ponce, June 10, 1915. (Signed) José A. and Alberto S. Poventud, attorneys for the plaintiffs.

"Robert Graham Frazer, being duly sworn, says: That he is the agent and attorney in fact of the plaintiffs in the above-entitled action; that he has authorized the above-named attorneys to file this complaint; that the said plaintiffs are absent from this district and for that reason do not make the present affidavit, and that the facts stated in the foregoing complaint are true, except those alleged upon information, and these he believes to be true. (Signed) Robert Graham, affiant. Affidavit No. 1252. Subscribed and sworn to before me by Robert Graham Frazer, of age, married, engineer, and a resident of Ponce, to me personally known, this 10th day of June, 1915, in the city of Ponce, P. R. (Signed) Gustavo Rodríguez, notary public. Filed June 10, 1915. By A. Gotay Purcell, assistant secretary; José Rosario Gelpí, secretary, district court."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and the court overruled his demurrer. Thereupon he filed the following answer:

"Now comes the defendant by the undersigned attorney and for answer to the complaint filed in the above-entitled action, alleges:

That he denies generally and specially all and. each of the facts set up in the said complaint. Wherefore, the defendant prays the court to render judgment in his favor, with costs, expenses and attorney fees. (Signed) Eugenio Benítez, attorney for the defendant. Filed February 7, 1917. By A. Gotay Purcell, assistant secretary. José Rosario Gelpí, secretary, District Court of Ponce, P. R.''

The plaintiffs moved for judgment on the pleadings because the answer was not verified. The court set a day for hearing the parties and finally rendered judgment sustaining the complaint, from which judgment the defendant took the present appeal.

In his brief the appellant contends that the court erred (1) .in sustaining the complaint notwithstanding that the facts alleged therein did not constitute a cause of action, and (2) in basing its judgment upon the averments of an affidavit which was void because neither the parties nor their attorney had subscribed the same.

1. Let us examine the first error. In support of his contention that such error exists the appellant assigns two grounds—namely, that the complaint does not show exactly the nature of the action brought by Clementina Voigt against Zeno Gandía in the Federal Court and that if the judgment to which the defendant refers is final, it is inconceivable that it should be sought to execute the same by a separate action.

As to the first point, an examination of the complaint transcribed herein suffices to show that the allegation as to the nature of the action was sufficiently clear, although it might have been made with greater detail. And as to the second, while it is not customary to recover judgment debts by the proceeding followed by the plaintiffs, the fact that certain formalities are prescribed by law for the execution of judgments does not prevent recourse to an ordinary action to enforce payment of such debts.

In the case of *Kingsland* v. *Forest,* 52 Am. Dec. 232–234, Chief Justice Dargan, of the Supreme Court of Alabama, expressed himself as follows:

"The only question we deem it necessary to decide is this—whether an action of debt will lie in this State on a judgment, rendered more than a year and a day, but less than ten years from the institution of the suit, and on which execution had issued within the year and been returned no property found.

"I confess that my researches have not satisfied my mind, whether an action of debt could be maintained at common law on a judgment within the year and day from the time of its rendition, and when the plaintiff could issue his execution thereon. The common-law writers lay it down generally, that debt will lie on a judgment: 1 Ch. Pl. 126; 1 Tidd's Pr. 3. Blackstone says, that if one has obtained a judgment against another and neglects to sue out execution thereon, he may afterwards bring an action of debt on the judgment: 3 Bla. Com. 129. Mr. Selwyn says that debt lies on a judgment within or after a year and a day, but he refers only to one case, decided in 43 Edw. III, c. 2, 3. But this case is not within our reach, and we see that different conclusions have been drawn from different American courts from the same authority: See *Clark* v. *Goodwin,* 14 Mass. 237, and *Lee* v. *Giles,* 1 Bailey 449, [16 Am. Dec. 476]. The question, however, has often been discussed in courts of the different States, and the decided weight of American authority is that debt will lie on a judgment within a year and a day; but we find it asserted on general principles, without reference to any decided case in England, save the one we have referred to: See *Headley* v. *Roby,* 6 Ohio, 521; *Hale* v. *Angel,* 20 Johns. 342; *Goodrich* v. *Colvin,* 6 Cow. 397; *Church* v. *Cole,* 1 Hill (N. Y.), 645; *Greathouse* v. *Smith,* 3 Scam. 541; *Denison* v. *Williams,* 4 Conn. 402; *Clark* v. *Goodwin,* 14 Mass. 237. It is true in the case in 4 Connecticut, there are several references to English authorities, but on examination, they will, I think, be found inapplicable to the question decided in the reign of Edward III. The note of that case, as I find it in Viner's Abridgment, is as follows: 'At common law, if a man had recovered a debt, he might have had an action of debt on this judgment after the year:' Vol. 7, title Debt, O. I should, therefore, hesitate before I would hold that debt would lie on a judgment within the year of its rendition. But no one will deny that at common law debt may be brought on a judgment after the year and day had passed, and the only question we need decide is whether our statute has taken away this common-law remedy.

"It is true, that when an execution has been issued within the year and day, and has not been returned satisfied, an *alias* execution may be issued on the same judgment, within ten years, without

a *scire facias:* Clay's Dig. 206, 207; but this statute does not take away the common-law right to sue in debt on the judgment. It only gives the plaintiff the remedy by execution to coerce the payment of the judgment, if he sees proper to use it, but was not intended to deprive him of his action of debt. The remedy given by the statute is cumulative merely, and a plaintiff may, if his judgment be not satisfied, sue in debt upon it, although he could, under the statute, issue an *alias* execution.''

At the foot of the preceding case there is a note as follows:

'' 'AT COMMON LAW PARTY HAS RIGHT OF ACTION UPON HIS JUDGMENT as soon as recovered. This right is neither barred nor suspended by the issuing of an execution; nor because from having the right to take out execution, the plaintiff's action seems to be unnecessary:' Freeman on Judg., sec. 432, where the author cites the principal case, together with *Albin* v. *People,* 46 Ill. 372; *Stewart* v. *Peterson,* 63 Pa. St. 230; *Gardner* v. *Henry,* 5 Coldw. 458, in support of the latter proposition.'' *Kingsland* v. *Forest,* 52 Am. Dec. 234.

In the case of *Linton* v. *Hurley,* 114 Mass. 76, the Supreme Court of that State held that—

''An action brought upon a judgment within twenty years after it is rendered may be maintained, without regard to the question whether an execution has been taken out or returned, unless the defendant proves payment or satisfaction. Gen. Sts. c. 133; sec. 7; c. 155; secs. 1, 23. *O'Neal* v. *Kittredge,* 3 Allen, 470.'' See *Linton* v. *Hurley,* 114 Mass. 76.

And in the case of *King* v. *Blood,* 41 Cal. 314, the Supreme Court of California held that—

''In a complaint, in an action brought on a judgment, it is unnecessary to aver that an execution has been issued on the judgment, and an unsuccessful effort made to collect it.''

2. Nor do we think that there is any ground for the second assignment of error. Section 118 of the Code of Civil Procedure provides that ''where a pleading is verified it must be by affidavit of a party; *unless* the parties are absent from the district where the attorney resides, or from some cause are unable to verify it, or the facts are within the knowledge

of his attorney, *or other person verifying the same."* And it also provides that "when the pleading *is verified by the attorney or any other person* except one of the parties, he must set forth in the affidavit the reason why it is not made by one of the parties." To limit cases in which *any other* person may verify a pleading to actions of unlawful detainer, as apparently the appellant seeks to do, would be to make a distinction where the law makes none and, therefore, contrary to the well-known legal maxim *Ubi lex non distinguit, nec nos distinguere debemos.*

Therefore, as the verification is valid, we have before us a case in which judgment may properly be rendered on the pleadings; and as the defendant failed to verify his answer, he admitted the truth of the allegations set up in the complaint. Sections 110, 118 and 132 of the Code of Civil Procedure; *Horton et al.* v. *Robert,* 11 P. R. R. 168; and *Delannoy* v. *Blondet,* 22 P. R. R. 219.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.