NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

10th Circuit Court – Plaistow District Division
No. 2013-291


TRINITY EMS, INC.

v.

TIMOTHY COOMBS

Submitted: February 12, 2014
Opinion Issued: August 6, 2014


Daniel C. Proctor, of Concord, on the brief, for the plaintiff.


Timothy Coombs, self-represented party, filed no brief.


HICKS, J. The plaintiff, Trinity EMS, Inc., appeals an order of the Circuit Court (DeVries, J.) dismissing its collection action against the defendant, Timothy Coombs. We reverse and remand.

The following facts are supported by the record. On April 4, 2003, the plaintiff obtained a default judgment in Plaistow District Court against the defendant in the amount of $1,420. The defendant made some payments, but as of March 2012, the judgment had not been satisfied.

On March 28, 2012, the plaintiff commenced a new action, in a plea of debt, against the defendant to recover the amount it claimed was still owed on the 2003 judgment, plus additional court costs. At the hearing on the merits,

counsel for the plaintiff explained that the reason for the new action was "to get a new judgment, which [could be recorded] at the Registry of Deeds." See RSA 503:12, II (2010) (providing that "[a] judgment entered in accordance with this chapter may be secured by real estate by recording or re-recording, at any time during the duration of the judgment, a certified copy of the judgment with the registry of deeds of the county in which the real estate is located"). He further explained that the original 2003 judgment was "too old" to be recorded, as RSA 511:55 imposes a six-year limitation on such attachments. See RSA 511:55, I (2010) (providing, in pertinent part, that "[r]eal or personal property attached shall be held until the expiration of 6 years from the time of rendering a judgment in the action in favor of the plaintiff on which he can take execution").

On March 18, 2013, the trial court dismissed the action commenced in 2012. It noted that the 2003 action had been decided by default and "remains open on this Court's docket." The court further stated that "Defendant over the years has appeared . . . unable to satisfy judgment and disputes the amount claimed to be owed." Finally, the court ordered that "all hearings should be scheduled in [the 2003 action's docket]."

The plaintiff moved for reconsideration. The court denied the motion, ruling, in relevant part: "There is no Cause of Action for obtaining 'an attachment' which is what Plaintiff is seeking. . . . Plaintiff has a judgment. It was apparently never recorded and is beyond the limitation period set forth in RSA 511."

On appeal, the plaintiff argues that the trial court erred in dismissing its 2012 action because its complaint set forth a claim upon which relief could have been granted. In addition, the plaintiff argues that the trial court's order denies it a right to a remedy, thereby violating Part I, Article 14 of the New Hampshire Constitution.

Although the court dismissed the plaintiff's 2012 action after a hearing on the merits, its ruling on reconsideration that "[t]here is no Cause of Action for obtaining 'an attachment'" makes clear that the dismissal was for failure to state a claim upon which relief could be granted. See Kennedy v. Titcomb, 131 N.H. 399, 402 (1989) (noting that "[a] trial court has the discretion to dismiss an action sua sponte where the allegations contained in a [complaint] do not state a claim upon which relief can be granted"). "[I]n reviewing the trial court's order of dismissal [for failure to state a claim], [we] must determine whether the plaintiff's [complaint] contains facts which are sufficient to constitute a cause of action." Id. at 401. We "must rigorously scrutinize the complaint to determine whether, on its face, it asserts a cause of action." Id. (quotation omitted).

2

The plaintiff argues that its complaint in the 2012 action states a "plea of debt," under the common law.  We agree.  "A judgment creditor has a common-law right to sue upon his judgment as soon as it is rendered . . . ."  Morse v. Pearl, 67 N.H. 317, 318 (1892).  Use of the action to obtain a new judgment for the purpose of executing upon it is sanctioned in our law.  In Burnham v. Coffin, 8 N.H. 114, 121 (1835), we held that "a creditor is entitled to an action of debt to obtain a new execution" where execution on the first judgment had failed and the judgment remained unsatisfied, regardless of whether the reasons the execution had failed were apparent on the face of the return.  We later held, in Morse, that a creditor may sue upon his judgment "even if an execution has been issued and not returned, . . . in the absence of plea or proof of satisfaction."  Morse, 67 N.H. at 318.

Here, the plaintiff seeks a new judgment, which it may use to attach the defendant's real estate, because the first judgment is no longer viable for that purpose.  In other words, the plaintiff seeks to take advantage of the fact that the statute of limitations for an action of debt upon a judgment is longer than the life of an attachment on real estate.  Compare RSA 508:5 (2010) ("Actions of debt upon judgments, recognizances, and contracts under seal may be brought within 20 years after the cause of action accrued, and not afterward."), with Remington Invs. v. Howard, 150 N.H. 653, 655 (2004) (concluding that according to the plain language of RSA 511:55, "the legislature intended to limit the term of a real estate attachment to a period of six years").

The Appellate Court of Indiana addressed a similar statutory scheme in Town of New Chicago v. First State Bank of Hobart, 169 N.E. 56 (Ind. App. 1929).  The statute of limitations on judgments at the time was twenty years, as it is here, and another statute provided, in pertinent part, that "final judgments . . . for the recovery of money or costs shall be a lien upon real estate and chattels real liable to execution in the county where judgment is rendered for the space of ten years after the rendition thereof, and no longer."  Town of New Chicago, 169 N.E. at 57 (quotation omitted).  The court held:

> These two sections must be construed together, and, when so construed, mean that at any time within 10 years after the rendition of a judgment execution may be had on it, but after 10 years and before the expiration of 20 years, another action may be had on the original judgment and a new judgment may be rendered, the lien of which begins at the date of the new judgment and runs for 10 years.
>
> . . . A judgment is a debt of record upon which an action may be maintained either in the court which rendered such judgment or in any other court of competent jurisdiction, and the judgment plaintiff may renew his action ad infinitum upon each successive

3

> judgment thus recovered, provided the action is brought any time
> within the 20-year period of limitation. Any other construction
> would nullify the statute.

Id. (citations omitted); see also Stookey v. Lonay, 104 F. App'x 583, 584 (7th Cir. 2004) (applying Town of New Chicago in context of Indiana's subsequently enacted ten-year statute of limitations on judgments).

Similarly, RSA 508:5 and RSA 511:55, I, must be read together to provide that a judgment creditor may bring an action for debt on the judgment within twenty years of its rendition, obtain a new judgment, and, within six years of the rendition of that judgment, perfect an attachment of the defendant's real estate. By operation of RSA 511:55, I, that attachment would expire six years from the date of the second judgment, see Remington Invs., 150 N.H. at 654, but, under RSA 508:5, the judgment creditor would still have fourteen years within which to bring another action in debt and obtain a third judgment. Theoretically, this procedure could be repeated, as the Town of New Chicago court stated, "ad infinitum." Town of New Chicago, 169 N.E. at 57.

Here, the plaintiff pleaded that it was the holder of an unsatisfied New Hampshire judgment against the defendant, rendered within the previous twenty years, with an outstanding balance within the jurisdictional limits of the court. Assuming the truth of these alleged facts, and construing all reasonable inferences in the light most favorable to the plaintiff, Farm Family Cas. Ins. Co. v. Town of Rollinsford, 155 N.H. 669, 670 (2007), the plaintiff has stated a claim upon which relief may be granted. Accordingly, we reverse the dismissal of the plaintiff's action and remand for further proceedings. Having held in the plaintiff's favor on non-constitutional grounds, we need not address its claim that the trial court's order violates Part I, Article 14 of the State Constitution. See Olson v. Town of Fitzwilliam, 142 N.H. 339, 345 (1997) (noting that we decide cases on constitutional grounds only when necessary).

We pause to clarify an issue that may arise on remand. As previously noted, the trial court's order states that the defendant "disputes the amount claimed to be owed." What the defendant appears to dispute, however, is the appropriateness of the price he was charged for the plaintiff's services, upon which price the amount of the original judgment is apparently based. The plaintiff argues that the defendant's "allegations and arguments about what transpired prior to the rendition of the 2003 Judgment have merged into that Judgment and are now, res judicata." We agree.

We have noted that "an action on a judgment constitutes an original cause of action," McBurney v. Shaw, 148 N.H. 248, 250 (2002) (quotation omitted); in other words, it is a new and separate action from the suit in which the underlying judgment was rendered. The underlying judgment, unless

reversed or vacated, remains conclusive as to the parties and may not be attacked either "collaterally, or by a direct suit between them upon the judgment." Hollister v. Abbott, 31 N.H. 442, 449 (1855). "The defendant is now concluded and estopped to allege, either that no such judgment was rendered, or that it is in any respect wrong, erroneous or mistaken in this proceeding, which is designed not to revise or correct, but merely to enforce the judgment." Demeritt v. Lyford, 27 N.H. 541, 549 (1853); see also Hollister, 31 N.H. at 450 (noting that where the defendant "made no attempt to have the judgment vacated," but instead "suffered [it] to stand for years as a judgment regularly obtained against him," the judgment could not "now be defeated by a state of facts, which, if timely interposed, might have been successful"). Accordingly, the defendant is not entitled to collaterally attack the 2003 judgment in the 2012 action.

Reversed and remanded.

DALIANIS, C.J., and CONBOY, LYNN, and BASSETT, JJ., concurred.