# CARROLL,

## JULY TERM, A. D. 1846.

## RANGELEY v. GOODWIN.

An execution issued from the superior court, returnable at the next term, and more than six months from its date, cannot be effectually levied upon land after that period, in the form in which it is issued. Nor can the defect in its form be so cured by an amendment as to sustain the levy.

WRIT OF ENTRY, for the recovery of a farm. The tenant pleaded the general issue. To support the issue on his part the demandant's counsel introduced a certified copy of an original writ, in favor of the plaintiff, against David Webster and Daniel Burnham, on a certain note of hand therein set forth, for $15,000; the writ bearing date August 27, 1837, returnable to the court of common pleas for Strafford, the third Tuesday of January, 1838, on which the officer returns an attachment, among other parcels of real estate, of that described in the present declaration, by the name of the "Page farm," as the property of Webster, and of the judgment recovered at the superior court for Strafford county, on the second Tuesday of December, 1842, for $2891.90, debt, and $62.07, costs.

He also introduced a certified copy of an execution issued thereon from the same court, dated December 21, 1842, returnable on the second Tuesday of December, 1843, which was objected to as being improvidently and irregularly so issued and made returnable, and therefore

invalid for the purpose of sustaining proceedings under it, as set forth in the return.

The levy was completed on the 18th day of October, 1843, and possession delivered to the assignee and attorney of the judgment creditor, on the same day.

By the certificate of the oath administered to the appraisers, it appears that the same was administered by Enoch Remick, as justice of the peace, who was, at the same time, the officer serving the execution, and objected to. The officer returned that the appraisers were "reputable freeholders," but the return does not express that they were "discreet and disinterested men," &c., as the law requires.

The demandant's counsel also introduced the copy of an assignment by James Rangeley, the plaintiff, on record, to Noah Burnham.

The tenant's counsel objected to the validity of the levy as being made to the said Noah Burnham, as assignee of Rangeley, the said Burnham not being the judgment creditor; and further objected, that if the same was legally made to the said Burnham, the action could not be maintained by the said Rangeley, or in his name.

The tenant's counsel further objected, that the right of the demandant, if any, to proceed and complete the subsequent proceedings of the levy, was lost by the neglect and delay on the part of the demandant to appraise and set off the land, and deliver seizin for the time, shown in the return, and that the proceedings thereon were thereby rendered null and void.

The tenant's title to the premises was by deed of David Webster to him, executed November 10, 1837.

Upon this evidence, under the direction of the court, the jury returned a verdict in favor of the tenant, upon which judgment is to be rendered, if the direction is right. If not, a verdict is to be entered for the demandant, or otherwise, as the court shall see fit, according to law.

Rangeley *v.* Goodwin.

*Lyford* and *Bartlett*, for the plaintiff.

*C. S. Davies* (of Maine), *J. Eastman,* & *Cutler*, for the defendant.

GILCHRIST, J. By the act of December 29, 1832, entitled an act relating to the organization of the courts of justice, sec. 15, it is provided that " all writs of execution and writs of possession, issuing from the superior court of judicature, shall be made returnable at or before the expiration of six months from the date thereof, or at the next regular term of said court in said county, if within six months; and the forms of such writs shall be varied accordingly; and such writs, if returnable in vacation, shall be returned and filed with the clerk of said court in said county."

The demandant's claim to the land in controversy is founded upon the levy of an execution issued from the superior court on the 21st day of December, 1842, and returnable at the term of the court in said county next following, which was on the second Tuesday of December, 1843. The execution was not, therefore, such a writ as could lawfully have issued from the superior court.

The proceedings under it were commenced within the period of six months from the time at which it was issued, but were not completed until the 18th day of October, 1843, which was materially more than six months from that date. This fact precludes an inquiry relating to the practicability of curing the defect in the execution by an amendment in its form. If it were so amended as to conform with the requisitions of the law, and appear to be returnable in six months from its date, it would be ineffectual to support the proceedings that were founded upon it. Its legal force would have been spent on the expiration of that term, and the levy afterward would have been ineffectual and void; so that the demandant

could take no relief by an amendment, if an amendment were admissible, and a cause should be exhibited to justify the exercise of the court's discretion in ordering one to be made. *Blaisdell* v. *Sheafe,* 5 N. H. Rep. 201. ·

This seems to be fatal to the demandant's cause, and to render superfluous the examination of the other exceptions that have been sent up.

There must, therefore, be

*Judgment for the tenant on the verdict.*