SAUNDERS *v.* FIRST NATIONAL BANK OF NASHUA.

To pass the title to real estate set off on execution, it must be described in the officer's return by metes and bounds, or other distinct description.

When such description is insufficient, and no rights of third parties have intervened, an amendment of the return to accord with the facts will be permitted; and, even as against third persons, such amendment may be made if the return itself shows that in making the extent the requisitions of the statute were probably complied with.

APPLICATION to amend a sheriff's return.   Facts found by the court.   The defendants having an execution against the plaintiff's husband, levied it upon a tract of land which they claimed belonged to the husband, but which the plaintiff claims belonged to her.   In the appraiser's certificate the land is described as follows,—"Tract No. 2 is situated on the corner of Lake and Elm streets,"—and there is no other description, either in the certificate or return of the officer.

Two questions are reserved,—first, Is the description sufficient? second, If it is not, can the officer be allowed to amend the return by making the boundaries more explicit?   There were two tracts of land described in the officer's return, and the tract in question is the second one therein described.

*Stevens & Parker*, for the plaintiff.

*G. Y. Sawyer & Sawyer, Jr.*, for the defendants.

BLODGETT, J.   When real estate is set off on execution, the statute requires that it shall be "by metes and bounds, or other distinct description."   G. L., c. 237, s. 6.   And as the right to take land on execution did not exist at common law, and is derived solely from the statute, a substantial compliance with its requirements is always necessary;—in other words, every fact essential by the statute to a good title must be expressly stated, or necessarily implied in what is stated, in a return.   *Mead* v. *Harvey*, 2 N. H. 495, 497; *Libbey* v. *Copp*, 3 N. H. 45; *Whittier* v. *Varney*, 10 N. H. 295, 296; *Avery* v. *Bowman*, 39 N. H. 393.

In the present case almost everything is left to conjecture, and the description in the return is manifestly insufficient to make the levy effectual to pass the title to that parcel of the land about which a controversy has arisen. The inquiry then is, Can the officer be permitted to amend his return, and make the boundaries definite and explicit? And we think he may, if the justice and truth of the case require it; for the established principle in this state is, in cases like this, where, as it is understood, no rights of third persons have intervened, that the court will permit an amendment when it is necessary to perfect the title, if the evidence is satisfactory that the requisitions of the statute were actually complied with. *Whittier* v. *Varney* and *Avery* v. *Bowman, supra.* And, even as against third persons, an extent may be amended if it contain in itself sufficient matter to indicate that, in making it, the statute provisions were probably complied with. See cases last cited; *Bank* v. *Webster*, 44 N. H. 264; *Ladd* v. *Dudley*, 45 N. H. 66. Hence, an amendment being essential to the validity of the defendant's title, leave to apply therefor is granted, but we do not of course decide whether it should be allowed. That question depends upon the facts, and is to be settled at the trial term. If application is made there for the proper amendment, and the presiding justice is satisfied by the evidence that it is strictly conformable with the truth of the case, it will then be a question addressed to his discretion whether it should be granted or denied, according as he shall be of opinion that justice will be promoted by its allowance or refusal. *Baker* v. *Davis*, 22 N. H. 35.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.