Carroll
No. 2001-029

H. EDWARD MCBURNEY, JR.

v.

WALTER HENRY SHAW, JR.

Argued: June 19, 2002
Opinion Issued: August 20, 2002

*Niederman, Stanzel & Lindsey*, of Manchester (*Jay M. Niederman* on the brief and orally), for the plaintiff.

*Robert Zimmermann*, of Tamworth, by brief and orally, for the defendant.

NADEAU, J. The plaintiff, H. Edward McBurney, Jr., recovered a judgment against the defendant, Walter Henry Shaw, Jr., in 1989. The plaintiff filed a motion for post-judgment relief in 1999. The motion requested that the superior court renew a writ of execution issued in 1990, and direct the sheriff to satisfy the renewed writ by levying upon the defendant's property in Conway. The motion also sought a determination as to whether his prior recorded execution created a lien upon the defendant's property and, if so, the duration of the lien. The Superior Court (*O'Neill*, J.) denied the motion. On appeal, the plaintiff argues that the trial court erred as a matter of law by ruling that the 1990 writ of execution had expired and that the motion to renew the writ was barred by the statute of limitations. *See* RSA 527:2, :6 (1997). We affirm.

The following facts are adduced from the record. In January 1989, the plaintiff obtained a judgment against the defendant. On March 9, 1989, the trial court issued a writ of execution, which apparently was returned unsatisfied. On March 26, 1990, the trial court issued a second writ of execution. This writ was recorded and the sheriff proceeded to execute the levy against the defendant's property. *See* RSA 529:19 *et seq.* (1997).

In July 1990, because the defendant filed for bankruptcy before his real estate was levied upon by sale, the second writ of execution was returned

unsatisfied. The plaintiff filed a proof of claim in the defendant's bankruptcy proceeding, alleging that he was a secured lien creditor due to "attachment and [e]xecution." Eventually, the bankruptcy trustee abandoned the defendant's real estate, and in 1993 the defendant's debts were discharged by order of the bankruptcy court. The plaintiff took no further action regarding execution and levy until he filed his motion for post-judgment relief in November 1999.

In his motion, the plaintiff sought to "renew the execution and bring forward the judgment entered in this matter." The motion also sought a determination as to whether his prior recorded execution created a lien upon the defendant's property and, if so, the duration of the lien. The trial court ruled that the statutory limitation on the issuance of a writ of execution barred the relief sought by the plaintiff.

On appeal, the plaintiff argues that the recording of the second writ of execution and the subsequent attempt to levy upon the property created an execution lien. He contends that this lien survives until either the underlying judgment is satisfied or the twenty-year limitation period for actions of debt upon a judgment expires. *See* RSA 508:5 (1997). The plaintiff also asserts that the defendant's bankruptcy proceeding stayed the second writ of execution and levy, thereby preserving the life of the execution lien to the present date.

■ A writ of execution is a formal document issued by a court that authorizes a sheriff to levy upon the property of a judgment debtor. RSA 527:12 (1997) (amended 2000); 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 60.02, at 474 (1998). The process of levy is wholly contingent upon a valid writ of execution and, generally, if the writ expires any subsequent attempt to levy will be "ineffectual and void." *Rangeley v. Goodwin*, 18 N.H. 217, 219 (1846). Execution and the process of levy is not an action of debt upon a judgment. "There is thus an inherent distinction between an action on a judgment and an execution, in that an action on a judgment constitutes an original cause of action, while an execution does not." 30 AM. JUR. 2D *Executions and Enforcement of Judgments* § 43 (1994). Executions and levy of executions are governed by statute and, thus, we look to the pertinent statutory provisions to understand their operation and limitations. *See Saunders v. Bank*, 61 N.H. 31, 31 (1881).

When a writ of execution is issued by the superior court, it "may be made returnable at any return day within six months from date of issuance." RSA 527:2. After the return day, the legal force of the execution expires and it becomes "ineffectual to support the [levy] proceedings ... founded upon it." *Rangeley*, 18 N.H. at 219. Of course, when issued, the

return date of the execution may be extended by the superior court if justice so requires. RSA 527:4 (1997). If the execution expires or is returned with the judgment unsatisfied, the judgment creditor may request that the trial court issue a successive writ of execution under RSA 527:6. Executions may be issued within two years from the date judgment is rendered or the date a former execution is returned unsatisfied. RSA 527:6.

Upon the expiration of the limitations period, the trial court may still issue an execution, but only "upon scire facias for the amount then due." RSA 527:7 (1997). *Scire facias* is a judicial writ directing a judgment debtor to appear and show cause why, after the lapse of the limitation period, execution against him should not be revived. *See* BLACK'S LAW DICTIONARY 1347 (7th ed. 1999); WIEBUSCH, *supra* § 60.07, at 476. "The requirement for *scire facias* before a late execution is issued assures that the judgment debtor knows that the old judgment remains unsatisfied and requires him to disclose the location of property from which it may be paid." WIEBUSCH, *supra.*

In New Hampshire, an execution lien may be acquired pursuant to RSA 529:29. Under this statute, no such lien shall be obtained "until the officer making the levy shall leave with the register of deeds for the county an attested copy of the execution, with a return thereon that he has begun such levy and of the steps already taken, or a record of the completed levy has been made in the registry of deeds as required by law." RSA 529:29. There is no express statutory provision addressing the duration of an execution lien. We now turn to this critical question, keeping in mind the framework and procedures regarding execution and levy.

■ ■ We reject the plaintiff's argument that an execution lien is governed by the limitation period for actions of debt upon a judgment. *See* RSA 508:5. As we have explained, there is a difference between an action of debt upon a judgment and a writ of execution. RSA 508:5 simply does not apply to execution and levy procedures. Instead, we adopt the well-settled principle that, absent a statute to the contrary, an execution lien expires on the return day of the writ of execution upon which the lien is based, or when the writ is returned unsatisfied. *See* 33 C.J.S. *Executions* § 145 (1998); *cf. Ralston Purina Co. v. Detwiler*, 364 N.E.2d 180, 182 (Ind. Ct. App. 1977); *International Ribbon Mills, Ltd. v. Arjan Ribbons, Inc.*, 325 N.E.2d 137, 138 (N.Y. 1975); *United States Rubber Company v. Ashback*, 422 P.2d 372, 373 (Colo. 1967); *McKenzie v. Commonwealth*, 373 S.W.2d 595, 600 (Ky. 1964). Just as levy may not be supported by an expired or unsatisfied execution, *Rangeley*, 18 N.H. at 219, neither may an execution lien.

■ Here, in July 1990, the plaintiff's second writ of execution was returned unsatisfied. The plaintiff's motion for post-judgment relief, filed approximately nine years after the second writ was returned, fell far outside the prescribed limitations period for seeking issuance of a successive writ of execution. *See* RSA 527:6. Currently, no valid and enforceable writ of execution exists nor may a successive writ be issued under RSA 527:6. Since no valid and enforceable writ of execution currently exists, any execution lien the plaintiff acquired has terminated. Accordingly, the trial court did not err in denying the plaintiff's motion for post-judgment relief.

■ We briefly address the plaintiff's contention that the defendant's bankruptcy stayed the execution and levy and thus, the execution lien survives to date. RSA 527:17 (1997) provides: "Whenever proceedings in the levy of an execution on real or personal property are stayed by injunction the lien then existing shall continue until the expiration of thirty days after the injunction is dissolved." Assuming without deciding that the defendant's bankruptcy stayed the second writ of execution and levy proceedings under RSA 527:17, the plaintiff's execution lien expired thirty days after the bankruptcy court discharged the defendant's debts in 1993. *See* RSA 527:17. Therefore, the plaintiff's assertion that the defendant's bankruptcy somehow preserved the life of the execution lien is unavailing.

*Affirmed.*

BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.