# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0660, <u>Granite Ridge Condominium Association v. Shirley Wood</u>, the court on July 12, 2019, issued the following order:**

Having considered the defendant's brief and reply brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Shirley Wood, appeals an order of the Circuit Court (<u>Carroll</u>, R., approved by <u>Garner</u>, J.) granting a motion of the plaintiff, Granite Ridge Condominium Association, for a writ of execution upon <u>scire</u> <u>facias</u> relative to a 2014 judgment. <u>See</u> RSA 527:7 (2007). She argues that, because the plaintiff intends to levy upon her condominium unit, the case involves title to real estate and, thus, that the circuit court lacked jurisdiction. <u>See</u> RSA 502-A:14, I-III (2010) (limiting civil jurisdiction of district courts to cases in which title to real estate is not involved); RSA 490-F:3 (Supp.2018) (granting circuit court jurisdiction conferred upon former district courts). She further argues that she was entitled to relief because the plaintiff allegedly failed to: (1) diligently pursue available remedies prior to seeking a writ of execution; (2) establish that she has the ability to pay the judgment; (3) properly plead its request for a writ of execution upon <u>scire</u> <u>facias</u>; (4) establish that each of its members has an interest in the judgment; and (5) present a <u>prima</u> <u>facie</u> case.

A judgment creditor may obtain a writ of execution to be levied against nonattached property within two years after a judgment is rendered or, if a prior writ of execution has issued, within two years of the return day of the prior writ. RSA 527:6 (2007); <u>McBurney v. Shaw</u>, 148 N.H. 248, 251 (2002). Upon the expiration of the two-year limitations period, the trial court may grant a writ of execution only "upon scire facias for the amount then due." RSA 527:7. "<u>Scire</u> <u>facias</u> is a judicial writ directing a judgment debtor to appear and show cause why, after the lapse of the limitation period, execution against [the judgment debtor] should not be revived." <u>McBurney</u>, 148 N.H. at 251. This process provides the judgment debtor with notice that the judgment remains unsatisfied, and requires the judgment debtor to disclose the location of property from which the judgment may be satisfied. <u>Id</u>.

The record reflects that in 2014, the plaintiff obtained a final judgment against the defendant in the circuit court for nonpayment of condominium assessments plus attorney's fees, costs, and interest. Prior to the 2014

judgment, the plaintiff obtained a separate judgment against the defendant in litigation brought by the defendant against it in superior court. The superior court entered a periodic payment order relative to its judgment, see RSA 524:6-a (Supp. 2018), and the defendant made payments pursuant to the order through November 2017, when she stopped making payments to the plaintiff altogether. At that point, there was a balance still owing on the superior court judgment, and the circuit court judgment remained unpaid in its entirety. According to the plaintiff, the defendant additionally failed to pay any ongoing monthly condominium assessments "during any of that time period."

The plaintiff filed the present motion for a writ of execution on scire facias in September 2018, seeking a writ of execution relative to the circuit court judgment. At the hearing on the motion, the plaintiff asserted that the unpaid condominium assessments owed by the defendant, including unpaid assessments incorporated into the two judgments and assessments that had not been reduced to judgment, amounted to $29,050. The plaintiff further asserted "that the only asset that's available out there to collect on [the circuit court] judgment is the condominium unit." In response, the defendant asserted that scire facias has been abolished in federal court, that she had paid almost $14,000 on the superior court judgment, that the plaintiff had not sought to attach her property in the amount of the circuit court judgment, and that the plaintiff had not shown that it "ha[s] the legal right to receive condo association fees or any other funds on behalf of condo owners." She did not contest, however, that she had stopped making any payments to the plaintiff, and affirmatively represented that she is unable to make any more payments. Nor did she dispute that the circuit court judgment remained unsatisfied. The trial court granted the motion, and this appeal followed.

We reject the defendant's contention that the circuit court lacked jurisdiction. The legislature has expressly granted the circuit court jurisdiction to grant "[a]ttachments and levies of execution on personal property and real estate . . . in civil causes . . . as provided in RSA 511, 528 and 529." RSA 502-A:17 (2010); see RSA 490-F:3 (granting circuit court jurisdiction conferred upon former district courts). The mere fact that the plaintiff intends to levy upon the defendant's condominium unit does not deprive the circuit court of jurisdiction under RSA 502-A:14. See James Drywall, Inc. v. Europa Dev. Corp., 116 N.H. 619, 621-22 (1976) (holding that a suit to enforce a mechanic's lien against real property does not involve title to real property for purposes of RSA 502-A:14, even if the defendant asserts title to the property as a defense).

As the appealing party, the defendant has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the defendant's remaining challenges to it, the

2

relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**